May Term, 1821.

BATSON
v.
LASSELLE.

*Nelson*, for the plaintiff.

(1) Stat. 1817, p. 189. Vide *Lasselle* v. *Godfroy, May* term 1824, post.

---

## BATSON *v.* LASSELLE.

If a surety proceed under the statute, by notice and motion, for contribution against his co-surety, the record must show the insolvency of the principal.

*Quære,* Whether the statute, authorizing this summary proceeding, is constitutional.

ERROR to the *Knox* Circuit Court.

*Friday,*
*May* 11.

BLACKFORD, J.—*Marney* administered on the estate of *Blundell. Lasselle, Batson,* and *Almy,* were his sureties. The condition of the administration bond not being performed, the heirs of *Blundel* obtained judgment thereon against the obligors. This judgment was satisfied by a sale of *Lasselle's* property on execution. *Lasselle* then brought suit against *Batson,* his co-surety, and, on giving ten days' notice, obtained judgment against him, upon motion, for his proportion of the money recovered by the heirs of *Blundel* (1). To reverse that judgment against *Batson,* is the object of the present writ of error.

It is contended by the plaintiff in this Court, that the property sold to satisfy the judgment on the administration bond, was Marney's, and not Lasselle's; and that the case, therefore, is not within the statute prescribing a summary way of collecting debts. And it is further contended, that the statute authorizing this kind of proceeding is unconstitutional. The first point is not warranted by the facts in the case; and it is unnecessary to examine the second (2). The judgment must be reversed on a different ground. The case before us is not embraced by

any of the provisions of the statute, by authority of which *Lasselle* obtained judgment, on motion, against *Batson.* It is only where the principal obligor is insolvent, that the statute introduces this summary mode of proceeding against a co-surety (3). It does not appear from the record, that there is any thing in the notice, or in any other part of the proceedings, which intimates the insolvency of *Marney,* who was the principal obligor. The plaintiff in the Circuit Court did not, therefore, make out a case that could warrant him in pursuing a special and summary proceeding, unknown to the common law (4).

*Per Curiam.*—The judgment is reversed, with costs.

*Tabbs* and *Call,* for the plaintiff.

*Dewey,* for the defendant.

(1) If the whole of a judgment against several, on a joint contract, be levied upon one, he may sue his co-defendants, or any of them, as for money paid to their use, either in equity or at law, for their respective shares; and a surety may have such an action against his principal for the whole, or against another surety for his proportion. 2 Ev. Poth. 67. Contribution by action at law is a modern proceeding: it is founded on the principle, that one pays that to which all are liable. *Collins* v. *Prosser,* 1 Barn. & Cress. 682. If the party has not actually paid the debt, but only extinguished it by giving a bond for its payment, he cannot sue for contribution. *Taylor* v. *Higgins,* 3 East, 169. —*Maxwell* v. *Jameson,* 2 Barn. & Ald. 51. In actions *ex delicto,* though the whole damages be levied on one, he can have no contribution from his co-defendants, at law, *Merryweather* v. *Nixan,* 8 T. R. 186, nor in equity, *Peck* v. *Ellis,* 2 Johns. Ch. R. 131; for public policy requires, that the penalties of a wrong-doer should not be lightened by any apportionment. Ibid. Where damages, however, were recovered *in case* against one of two joint coach proprietors for an injury sustained by the coachman's negligence, the defendant not being present, his co-proprietor was held liable to contribution. *Wooley* v. *Batte,* 2 Carr. & P. 417.

(2) Vide *Dawson* v. *Shaver* et al., *Nov.* term, 1822, post.

(3) Stat. 1817, p. 116;—1823, p. 378.

(4) In summary proceedings, where a Court exercises an extraordinary power under a special statute prescribing its course, that course ought to be exactly observed, and those facts especially which give jurisdiction, ought to appear, in order to show that its proceedings are *coram judice.* *Thatcher* v. *Powell,* 6 Wheat. 119, 127, per *Marshall,* C. J.