## ROBERTSON v. THOMPSON.

*A.* residing in *Jackson* county, and *B.* in *Clark* county, were sued in assumpsit in the *Jackson* Circuit Court. Each was served with process in the county where he resided. The plaintiff, afterward, by leave of the Court, amended his writ and declaration by striking out the name of *A. B.* was then called and defaulted, and a jury was impanneled, which assessed the damages against him. The assessment was set aside, and, on the plaintiff's motion, another jury was called and a new assessment made, and judgment was rendered thereon. *Held*, that the leave to

amend was properly granted. *Held*, also, that *A.* and *B.*, when served with process, were brought within the jurisdiction of the Court, and that the dismissal of the suit as to *A.* did not divest the jurisdiction over *B.*, the record not disclosing that *A.* could not have been legally included in the judgment. *Held*, also, that the setting aside of the first assessment of damages and the awarding of another *venire* must be presumed, the record not showing the contrary, to be right.

Nov. Term, 1851.

ROBERTSON
v.
THOMPSON.

ERROR to the *Jackson* Circuit Court.

PERKINS, J.—*John C. Thompson* brought an action of assumpsit in the *Jackson* Circuit Court, at the *February* term, 1844, against *Robert W. Moore* and *Harvey Robertson.* Process was served on *Moore* in *Jackson* county, and upon *Robertson* in *Clark* county. The defendants appeared by attorney, and pleaded the general issue. The cause was continued from term to term, and the declaration amended. At the *August* term, 1846, the defendant, *Moore,* demurred to a part, and pleaded *non assumpsit* to a part, of the amended declaration. Afterwards, at the same term, the attorney of *Robertson* withdrew the appearance for him, and thereupon he was called and defaulted. After this was done, the plaintiff obtained leave of the Court and amended his proceedings, by striking from the writ and declaration the name of the defendant, *Moore.* A jury was then called, who assessed the damages against *Robertson.* The assessment was set aside, on motion of the plaintiff; another jury was called; and a new assessment made, upon which the Court rendered judgment. The evidence is not upon the record, nor are the instructions. The case is not briefed. The following is the assignment of errors:

"*Harvey Robertson* v. *John C. Thompson.* The plaintiff, by his attorney, comes and says, in the foregoing record, proceedings, and final judgment, there is manifest error, in this, that final judgment was rendered against the plaintiff in error, by the Court below, whereas final judgment ought to have been rendered, by said Court, in said plaintiff's favor. And, in this, that said Court had no jurisdiction of the person of said plaintiff, no process having been served on him in *Jackson* county. And, in this, that said Court, after default against said plaintiff,

Thursday,
December 4.

Nov. Term, 1851.

ROBERTSON
v.
THOMPSON.

permitted defendant to amend his writ and declaration by striking out the name of *Moore*. And, in this, that said Court set aside the verdict of the jury and awarded a new *venire*."

The first, being the general assignment of error, requires no remark, as there are special assignments. The second, as to the jurisdiction, we think not well grounded. Section 27, p. 674, of the R. S., enacts that, "when one or more of the defendants reside in any other county of this state than the one in which suit is instituted, process may issue to the sheriff, or other proper officer of that county, to be executed, and shall be returned to the Court from which it was issued; but no judgment shall be given against such defendant, unless a writ in the same suit shall have been executed on some resident defendant of the county where the suit was commenced."

In the case before us, a writ was executed on a resident defendant to the suit, as instituted, and who might have been, so far as appears, legally included in the judgment. Both of the defendants having been, therefore, served with legal process, they were under the jurisdiction of the Court, and, for all purposes of legal procedure in the cause, were legally in Court. This being the case, it would seem that sections 98, 99, and 100, p. 685, of the R. S., must apply to the suit, and they authorized the amendment as made. No other construction would give the party the benefit of all these sections. This construction will. The third assignment of error is not valid. *Henry* v. *The State Bank*, at this term (1). Nor do we think the fourth is. We think the Court might, for good cause, which we must presume to have existed in this case, set aside an assessment of damages, made after a default on the part of the defendant, and award a new *venire*, on plaintiff's motion.

*Per Curiam.*—The judgment is affirmed, with 2 *per cent.* damages, and costs.

*J. G. Marshall*, for the plaintiff.

*C. L. Dunham*, for the defendant.

(1) See *post*, p. 216.