BOYER *v.* THE STATE.

Prosecution for obstructing a public highway, by "erecting and maintaining a fence and stable thereon."

*Held,* that the manner of the obstruction was sufficiently set out and charged.

By laying off, platting and recording the streets of a town, the proprietors dedicate the same to the public, at least so far as a dedication depends upon their action; and the user of the street as a highway by the public, and the authorities having charge of highways, is evidence of the acceptance of the grant.

The fact that a part of a street thus granted has been for several years appropriated by a private citizen to his own use, is not conclusive evidence that the dedication has not been accepted, or has been abandoned, by the public.

APPEAL from the *Clark* Common Pleas.

HANNA, J.—Prosecution for obstructing a public highway, by " erecting and maintaining a fence and stable thereon." The statute is, that " every person who shall in any manner obstruct any public highway," shall be liable to be fined, &c.; " and it shall be sufficient to prove that it has been used and worked as such." We are of opinion that the manner of the obstruction is sufficiently set out and charged.

The evidence tends to show that *Monroe* street, in *Charlestown*, was laid off and platted thirty feet wide; that a fence and stable had been placed about three feet on said street by the remote vendors of the lot of defendant, and which had been for several years occupied by him; that he had not changed, and refused to remove, said fence and stable; that the street had been worked and used as a public highway, for some years, between said fence (but not inside thereof) and the one on the opposite side of the street.

It is insisted that the defendant could not be liable for not opening the street wider than it was when the property came to his hands, and wider than it had been used and worked for the past few years. By laying off, platting, and recording the streets of a given width, the proprietors dedicated the same to the public, at least so far as a dedication depended upon their action. *Irwin* v. *Dixion*, 9 How. (U. S.) 10.

BOYER
v.
THE STATE.

16  451
141  7
16  451
169  603

Monday,
June 17.

The user, &c. of the street as a highway, by the public, and the authorities having charge of highways, was evidence tending to show the acceptance of such grant. 6 Peters, (U. S.) 498.

The fact that a part of a street, thus granted, had been for several years appropriated by a private citizen to his own use, is not conclusive evidence that the said dedication had not been accepted, in all its parts, or had been abandoned by the public. 2 Greenl. Ev., § 665; 10 Peters, 662.

In view of these propositions, we are not able to say that the judgment is not sustained by the evidence, in the case at bar.

The defendant offered in evidence a record of a judgment of acquittal, in the Common Pleas, upon an information for obstructing a highway; and, the bill of exceptions states, " offered to prove, by said record, that the offense for which the defendant was then tried, was identical with, and the same offense for which he was now upon his trial."

The record of said judgment, as copied, does not show any such thing; for no part of the record, other than merely the judgment, was offered. It does not appear that any offer was made to establish such identity by proof, other than that so offered. It was, therefore, properly rejected; because it was only a part of a record, and, so far as it showed any thing, was not in any manner connected with the misdemeanor charged in this case, except that it showed an acquittal of a charge of the same character.

*Per Curiam.*—The judgment is affirmed, with costs.

*J. S. Buchanan*, *M. C. Hester* and *D. Bridges*, for the appellant.

*W. W. Gilliland*, for the State.