Shryer *v.* Miner et al.

SHRYER *v.* MINER *et al.*

JURISDICTION.—If an action is instituted in one county against a resident thereof and residents of other counties, and before its final determination, such action is dismissed by the plaintiff as to the party who resided in the county of the former, prosecuted only against the non-resident parties, such parties may, after such dismissal, plead and prove, in order to defeat the jurisdiction of the Court over them, that at the time of the commencement of the action the plaintiff well knew that such parties were residents of other counties, and that, for the purpose of giving the Court, in which the action was pending, jurisdiction of the cause, the plaintiff fraudulently joined in the action the parties who were residents of said county, for the purpose of compelling the said non-residents to submit to a trial away from their own counties.

APPEAL from the *Vigo* Common Pleas.

DAVISON, J.—The appellees, who were the plaintiffs, brought

this action against *Godfrey Shryer, Bennett Bronner, William Corsaw,* and *William Stewart,* to recover the value of personal property, viz: four mules, four sets of harness, and one canal boat, alleged to be the property of the plaintiffs, and to have been taken and carried away by the defendants, and by them converted to their own use. The defendant, *Corsaw,* having failed to answer the complaint, was defaulted. The suit, as to *Stewart,* was dismissed. *Shryer* and *Bronner* severally answered. To their answers the plaintiffs replied. The issues were submitted to the Court, and the plaintiffs after the commencement of the trial, and before its termination, dismissed their suit as to the defendant *Bronner.* Thereupon *Shryer,* the only defendant, as to whom the trial was then in progress, moved for leave to file a plea in abatement, as follows:

"Comes now the defendant, and says he is not, nor has he ever been a resident of the county of *Vigo,* in which this suit was instituted, is now pending and on trial; but he is, and always has been a resident of *Green* county, *Indiana;* nor has *Corsaw* ever resided in said county of *Vigo;* but has at all times been a resident of the county of *Green;* that *William Stewart,* a defendant herein, was, when the present suit was commenced, a resident of *Vigo* county, and still continues to be so; and that *Bronner,* the other defendant, was at all the times aforesaid, a resident of *Kentucky;* that at the time of the closing of the issues in this case, this defendant could not file his plea in abatement, for the reason that the joinder of his co-defendants gave the Court jurisdiction. But the plaintiffs having dismissed as to *Stewart* and *Bronner,* he now files this his plea. And further, it is averred that defendant, since the closing of the issues herein and the commencement of this trial, has learned for the first time, that plaintiffs at the time they commenced this suit, well knew that both *Shryer* and *Corsaw* were residents of *Green* county, and not residents of the county of *Vigo,* and for the purpose of giving the

Shryer *v.* Miner et al.

Common Pleas Court, of *Vigo* county, jurisdiction of the cause, they, the plaintiffs, fraudulently joined in this action the said *Stewart* and *Bronner*, and that after the issues were closed and the trial had commenced, the plaintiffs fraudulently, and for the purpose of compelling the defendant, *Shryer*, to submit to a trial, away from the county of his residence, among strangers, contrary to law, &c., dismissed as to *Stewart* and *Bronner.* Wherefore defendant prays that the suit may abate, &c."

The Court overruled the motion for leave, &c., and the defendants excepted. Was this exception well taken? The statute says: "The action shall be commenced in the county where the defendants, or some one of them, has his usual place of residence. Where there are several defendants residing in different counties, the action may be brought in any county, where either defendant resides, and a separate summons may be issued to any other county, where the other defendants may be found, and in cases of non-residents, or persons having no permanent residence in the State, action may be commenced and process served in any county, where they may be found." 2 R. S. p. 34, sec. 33.

As we have seen, *Stewart* was a resident of *Vigo* county, and *Bronner* a non-resident of the State; hence, in view of the statute, it must be conceded that if they were made parties in good faith, the action was properly commenced in that county, and the Court, the defendants having appeared, acquired jurisdiction of their persons as effectively as if all of them had resided in the county in which the suit was instituted. Such being the case, each defendant was subject alike to the same rule of procedure, and the plaintiffs in the exercise of their right to dismiss their suit, as to either defendant, could not in any degree, affect the jurisdiction as to the others. 2 R. S., p. 48, sec. 99; 3 Ind. 190. But the dismissal as to *Stewart* and *Bronner*, whose residence authorized the com-

mencement of the suit in *Vigo* county, at once shows that they were not necessary parties to the action. And the plea, as we understand it, alleges affirmatively, that the plaintiffs never did regard them as such necessary parties; but commenced against them for the mere purpose of giving the *Vigo* Common Pleas colorable jurisdiction.

If these facts are true, and in view of the ruling before us, they must be conceded, the Court, as to *Shryer,* had no authority to hear and determine the case. *Stewart* and *Bronner* were made defendants, not because they were necessary parties, but for the fraudulent purpose of obtaining jurisdiction in a Court in which none existed, or was conferred by law, and the result is the plaintiffs having dismissed as to them, the action stood as it would have stood had it been commenced in a county where no defendant resided.

The plea, in our opinion, tendered a proper issue of fact, and the motion for leave to file it, should therefore have been granted. The Court, upon the issues submitted to it, found for the plaintiffs, and having refused a new trial, rendered judgment, &c. For the error, in the refusal to allow the plea to be filed, the judgment must be reversed.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded for further trial.

*H. D. Scott* and *W. Mack,* for the appellants.
*C. Z. Patterson* and *J. P. Baird,* for the appellees.