## RANKIN v. COLLINS.

PRINCIPAL AND SURETY.—*Contribution.*—*Pleading.*—Suit by a surety, who had paid the debt, against his co-surety and principal, demanding contribution of the former and judgment for the whole amount so paid against the latter. Finding for the principal upon his answer of bankruptcy, and against said co-surety for one-half the amount paid by the plaintiff. There was no motion for a new trial or in arrest.

*Held,* that judgment properly followed against said co-surety, in accordance with the finding.

*Held,* also, that the question of a misjoinder of causes could not be raised first in the Supreme Court.

SAME.—In a complaint by a surety, who has paid the debt, against his co-surety for contribution, it is not necessary to allege the insolvency of the principal.

From the Decatur Circuit Court.

*J. D. Miller,* for appellant.

*B. W. Wilson,* for appellee.

DOWNEY, J.—Collins, the appellee, sued Joel Bennett, Henry Lanham, Conway O. Lanham, and James A. Rankin, the appellant. The facts alleged in the complaint are the following: That Joel Bennett, Henry Lanham, and Conway O. Lanham, partners, as Bennett, Lanham & Co., as a firm and individually as principals, made their promissory note of November 4th, 1873, with said Rankin and Collins, the plaintiff, as sureties, payable at the First National Bank of Greens-

burgh, Indiana, for the payment of four thousand six hundred dollars and thirty-seven cents, on or before the 1st day of April, 1874, with attorney's fees, a copy of which note is filed with the complaint; that in April, 1874, the plaintiff paid off the note to the said bank and took the same up, amounting to the sum aforesaid; that Bennett, Lanham & Co. did not pay the same or any part thereof, nor did Rankin pay the same or any part thereof, but the same was wholly paid by the plaintiff; prayer for judgment against said Joel Bennett, Henry Lanham, and Conway O. Lanham, for the full amount of the principal and interest of the note, and attorney's fees, as provided in the note, and for judgment against Rankin for one-half said amount, with reasonable attorney's fees, in all twenty-five hundred dollars, and for other proper relief.

Rankin pleaded an answer of two paragraphs, to each of which a demurrer was sustained.

Joel Bennett, Henry Lanham, and Conway O. Lanham answered, setting up that they had been declared bankrupts, and praying that the action as to them might, for that reason, abate. Reply in denial of their answer. Trial by the court, finding in favor of the defendants Bennett, Lanham, and Lanham, that they had been declared bankrupt, and in favor of the plaintiff against Rankin in the sum of two thousand three hundred and twenty-three dollars and eighty-two cents, one-half of the amount paid by Collins, the plaintiff, in discharge of the note.

The errors assigned are:

1. Overruling the demurrer to the first paragraph of the answer of appellant.

2. Overruling the demurrer to the second paragraph of the answer of the appellant.

3. Rendering judgment against the appellant, after finding the issues joined between the appellee and Bennett, Lanham, and Lanham in their favor.

4. That the complaint does not state facts sufficient to constitute a cause of action against the appellant.

We dispose of these alleged errors in the manner following:

1 and 2. The record does not show any such action of the court as that stated in these assignments.

3. We do not regard the third assignment as presenting any question. When the action was abated as to the principals in the note, the court having found for the plaintiff against Rankin, the appellant, there having been no motion by him for a new trial or in arrest of judgment, we do not see why it was not proper to render judgment against him.

Counsel refer us to *Shryer* v. *Miner*, 20 Ind. 175, as sustaining his position. But in that case, after the action was dismissed as to the parties resident of the county in which the action was brought, the non-resident defendants pleaded and proved the facts upon which the action was abated as to them. That course was not pursued here.

4. The fourth assignment cannot be sustained. Counsel concede that the complaint states a cause of action against Bennett, Lanham, and Lanham, and also that it states a cause of action against Rankin, the appellant, but claims that there was a misjoinder. Conceding that there was a misjoinder, still, as there was no question made as to this in the circuit court, it cannot be made here. 2 G. & H. 81, sec. 54, as amended in 1855. The complaint does not allege the insolvency of the principals, but this was unnecessary. *Judah* v. *Mieure*, 5 Blackf. 171; *Batson* v. *Lasselle*, 1 Blackf. 119.

The judgment is affirmed, with costs.

Petition for a rehearing overruled.