## NOWELS v. ALTER.

HIGHWAY.—*Obstruction.*—*Pleading.*—In an action under section 24, p. 592, 1 G. & H., for obstructing a highway, the complaint should allege that the defendant " unnecessarily and to the hindrance of passengers," obstructed the highway; and it is not sufficient to allege that he obstructed the highway so as to make it impassable, and so that it could not be travelled and used by the public.

From the Jasper Circuit Court.

*S. P. Thompson* and —— *Thompson,* for appellant.

*R. S. Dwiggins* and *Z. Dwiggins,* for appellee.

DOWNEY, C. J.—This was an action by Alter as trustee of Union township, etc., on relation of Meeker, supervisor, etc., against Nowels, for obstructing a highway. It was commenced before a justice of the peace. The amended

complaint is in two paragraphs, to each of which, in the circuit court, a demurrer was filed by the defendant and overruled by the court. The issue of fact in the cause was tried by a jury, and there was a verdict for the plaintiff. A motion for a new trial was made by the defendant and overruled, and there was final judgment for the plaintiff.

Among other errors assigned, it is alleged that the court improperly overruled the demurrer to the paragraphs of the complaint.

The action is founded on sec. 24, p. 592, 1 G. & H. So much of the section as relates to the case in hand is as follows: "Any person who shall  *  *  *  unnecessarily and to the hindrance of passengers, obstruct any highway  *  * shall forfeit the sum of five dollars,  *  *  *  and in case of such obstruction, for every day the same is continued, such sum shall be recovered," etc.

The first paragraph of the complaint is, in substance, as follows:

The plaintiff, etc., complains of said defendant, etc., and says that, on, etc., said defendant built a fence across a public highway, in, etc. Said highway runs from, etc., to, etc., and is known as, etc.; that said defendant built said fence across said public highway about sixty rods east of, etc.; that said fence so built across said public highway by said defendant as aforesaid so obstructed said highway that the same could not be travelled and used by the public; that said defendant obstructed said highway, by building a fence across it, on the 28th day of April, 1874, and said obstruction still remains across said highway, making it impassable and so that the same cannot be travelled and used by the public; that said obstruction of said highway has continued for the space of fifteen days, etc.

The second paragraph of the complaint is not materially different from the first.

The objection is made to the paragraphs of the complaint that they do not allege, in the language of the statute, that the defendant, "unnecessarily and to the hindrance of pas-

sengers," obstructed the highway. Counsel for appellee refer us to *Boyer* v. *The State*, 16 Ind. 451; but that was a criminal action and under a different statute. We think the objection to the paragraphs of the complaint is well made. Every obstruction of a highway is not a violation of the statute upon which the action is founded. The obstruction must be an unnecessary obstruction, and it must be to the hindrance of passengers. It matters not that the public could not have travelled or used the highway. The statute does not speak of the public, but uses the word "passengers," by which we understand such persons as, at the time of the unnecessary obstruction, have occasion to pass along the highway, and would do so but for the obstruction. The allegation of the complaint in *Epler* v. *Niman*, 5 Ind. 459, and in *Hart* v. *The Trustees, etc.*, 15 Ind. 226, was in accordance with our view of the case before us.

Questions are made as to the sufficiency of the evidence and as to some of the instructions given, and some of those refused, but we need not consider them. We may remark, however, that the evidence to show the existence of a highway at the point where the fence was erected is far from satisfactory. There had been travel along the route for a number of years, but the land was uninclosed, and the travel had not been all the time in the same place. When the way was obstructed by fallen trees or otherwise, the travellers passed round the obstruction, making a new way in that place. It was at no time worked by the supervisor, nor had the public at any time or in any manner assumed or exercised any control over it. In such cases it would seem that a generous public would choose to acquire the right of way in the legal mode, making compensation to the owner of the land, rather than to take his property from him without making any compensation therefor.

The judgment is reversed, with costs, and the cause remanded, with instructions to sustain the demurrers to the paragraphs of the complaint.