The Ohio and Mississippi Railway Company *v.* Wrape.

No. 201.

## THE OHIO AND MISSISSIPPI RAILWAY COMPANY *v.* WRAPE.

RAILROAD.—*Killing of Stock.—Evidence.—Cattle Tracks near where Stock was Killed.—Proof of Admissible.*—In an action against a' railroad company for the killing of cattle which it was alleged entered upon the railroad and were killed at a point where it was not securely fenced, and the defendant sought to show that the animals were killed at a highway crossing, plaintiff had the right to prove that there were cattle tracks along the railroad near the point where he claimed his cattle were killed, without proof that the tracks were made by the cattle actually killed.

SAME.—*Evidence.—Opinion of Witness.—Direction in which Cattle were Thrown.*—In such an action, it was not error to permit the plaintiff to prove by a witness his opinion as to which direction the animals were thrown by force of the collision, as bearing upon the direction the train was running which collided with them, although the witness did not see the animals upon the track, but testified to indications and appearances along the track shortly after the injury, an opportunity being afforded to cross-examine the witness, and obtain the basis of his knowledge upon the question. The appearances in the judgment of the trial court could not be described to the jury with sufficient vividness to enable them to form as accurate conclusions thereon as the witness could, and under such circumstances opinions are admissible.

SAME.—*Acts April 8th and 13th, 1885, Construed.—Stock Entering upon Track Unfenced through Unenclosed Lands.—Liability for Killing of.*—The acts of April 8th and 13th, 1885 (Acts 1885, Sess. Laws, pp. 148 and 224), do not absolve railroad corporations from liability under the police laws for killing stock which enter upon the track where it is unfenced, through unenclosed lands. These acts provide for farm crossings, and for fencing railroads for the benefit of the adjoining proprietor whose land is enclosed, and the liability for injury to stock remains the same as it was prior to the passage of such acts, except as to such as enter upon the track at farm crossings.

WITNESSES.—*Absence of.— When not Ground for Continuance.*—The law provides for taking the depositions of witnesses who live without the reach of a subpœna, and a party who relies upon his ability to obtain the presence of witnesses under such circumstances, and does not avail himself of the provisions for procuring their testimony according to the law, is not entitled to a continuance as a matter of right if he fails to secure the attendance of such witnesses. The court may, in its discretion in such a case, grant a continuance, but that discretion is not ordinarily subject to review.

EVIDENCE.—*Objection that it is Immaterial.—No Question Presented on Appeal.*—An objection to the introduction of evidence that it is immaterial, is

too general and indefinite to raise any question for review on appeal. One objecting to the introduction of evidence must state specifically the ground of objection in order to avail himself of exceptions to an adverse ruling upon appeal.

From the Jennings Circuit Court.

*G. F. Lawrence, W. M. Ramsey, L. Maxwell* and *R. Ramsey,* for appellant.

*A. G. Smith,* for appellee.

CRUMPACKER, J.—Wrape sued the railroad company for damages, for killing two head of cattle which entered upon the railroad and were killed at a point where it was not securely fenced.

Plaintiff had judgment below, and the defendant appeals, relying for a reversal upon the action of the court in refusing a new trial. Among the reasons assigned for a new trial is alleged error of the court in permitting a a witness to testify on behalf of appellee that the company fenced its road at the point where the cattle entered upon it after the injury occurred.

The only ground of objection pointed out in the trial court was that the evidence was "immaterial." If the evidence was improper, the ground of objection was too general and indefinite to raise any question for review. One objecting to the introduction of evidence must state specifically the grounds of objection, in order to avail himself of exceptions to an adverse ruling, upon appeal. *Ohio, etc., R. W. Co.* v. *Walker,* 113 Ind. 196; *Chapman* v. *Moore,* 107 Ind. 223; *Heap* v. *Parrish,* 104 Ind. 36.

Another question discussed by counsel relates to the action of the court in refusing to strike out the testimony of one George Stahls, to the effect that he saw tracks and other evidences of the presence of cattle along the railroad near the point where appellee claimed his animals were killed. The objection made to this evidence was

that it did not appear that the tracks were made by the animals in question. Appellant sought to show at the trial, that the animals were killed at a highway crossing and to disprove this appellee had the right to introduce evidence indicating the presence of cattle at another point in that vicinity, without proof that the indications were made by the cattle actually killed. This was a circumstance proper to be considered by the jury in determining, where the collision occurred. Complaint is also made of the action of the court in permitting this witness to give his opinion as to which direction the animals were thrown by force of the collision, as bearing upon the direction the train was running which collided with them. The witness did not see the animals upon the track, but testified to indications and appearances along the track shortly after the injury.

There was an opportunity to cross-examine the witness and obtain the basis of his knowledge upon the question. In the judgment of the trial court, the appearances could not be described to the jury with sufficient vividness to enable them to form as accurate conclusions thereon as the witness could, and under such circumstances opinions are admissible. *Louisville, etc., R. W. Co.* v. *Wood,* 113 Ind. 544; *Carthage T. P. Co.* v. *Andrews,* 102 Ind. 138.

There was no error in this ruling.

It is next insisted that the court erred in refusing appellant a continuance of the cause. The affidavit supporting the application was made by one of appellant's attorneys, and shows the absence of several witnesses who possessed information of an important and material character respecting the matters in issue. These witnesses were non-residents, and were in the employment of appellant. The affidavit alleged that the affiant informed the general counsel of appellant when the cause would come on for trial and instructed him to cause the witnesses to attend. That it was the custom of appellant to require its employ-

ees to attend court as witnesses without legal process, but in this instance the general counsel, although having used due diligence, was unable to secure the presence of the witnesses. The cause had been pending near a year. The law provides for taking the depositions of witnesses who live without the reach of a subpœna and a party who relies upon his ability to obtain the presence of witnesses under such circumstances and does not avail himself of the provisions for procuring their testimony according to the law, is not entitled to a continuance as a matter of right, if he fails to secure the attendance of such witnesses.

Diligence requires that he shall procure his evidence without unnecessary delay, according to the method prescribed by the law, when it can not be reached by the ordinary process of the court, and if he chooses to adopt methods of his own and fails, the fault is his own, and he must bear the consequences. Under such circumstances, it may be proper to say that the court in its discretion may grant a continuance, but that discretion is not ordinarily subject to review.

There was evidence tending to show that the railroad was not fenced on one side for several hundred yards adjoining a tract of unenclosed land, and that the cattle entered upon it from such tract. Counsel for appellant requested the court to charge the jury that appellant was not required to fence its road along such unenclosed land, which the court refused to do. The acts of April 8th and 13th, 1885, do not absolve railroad corporations from liability under police laws, for killing stock which enter upon the track where it is unfenced, through unenclosed lands. Those acts provide for farm crossings and for fencing railroads for the benefit of the adjoining proprietor, whose land is enclosed, and the liability for injury to stock remains the same as it was prior to the passage of such acts, except as to such as enter upon the track at farm crossings. *Louisville, etc., R. R. Co.* v. *Hart*, 2 Ind.

App. 130; *Louisville, etc., R. W. Co.* v *Hughes,* 2 Ind. App. 68; *Wabash R. R. Co.* v. *Williamson,* 3 Ind. 190; *Jeffersonville, etc., R. R. Co.* v. *Dunlap,* 112 Ind. 93.

The instruction was properly refused.

Complaint is made of other instructions given and refused, and without discussing them in detail, we fully approve of the action of the court with reference to each and all of them.

There was evidence tending to support the verdict.

The judgment is affirmed.

