Filed April 9, 1892.

---

No. 15,609.

THE TOLEDO, ST. LOUIS AND KANSAS CITY RAILROAD COMPANY *v.* STEPHENSON, TRUSTEE.

CONSTITUTIONAL LAW.—*Penalty for Obstruction of Highway, Validity of.*— A statute providing a penalty for the obstruction of a public highway, and also providing that the penalty shall be payable to the trustee of the township for the benefit of the public highways of the township, is not invalid because such penalty is not payable to the common school fund of the State.

PRACTICE.—*Amendment of Complaint After Evidence Heard.*—It is not error to allow an amendment to a complaint after the evidence is heard, even though such amendment has the effect to make a bad complaint a good one.

CONTINUANCE.—*Absent Witness.*—*Diligence Must be Shown by Party Applying.* —An affidavit which shows that the attorney of the party applying for a continuance, because of absent witnesses, has been diligent to secure their attendance, is not sufficient, unless it also shows that the party himself has been diligent to procure their attendance; and this is true where the affidavit for such continuance is made by the attorney.

The Toledo, St. Louis and Kansas City R. R. Co. v. Stephenson, Trustee.

PLEADING.—*Action to Recover Penalty.—Each Day a Separate Offence.—Paragraphs.*—In an action for the recovery of a penalty for an offence which is shown to be continuous, the penalty being fixed at so much for each day of its continuance, it is not necessary to declare in separate counts for each day's penalty, but all may be grouped together in one count, covering the entire period.

From the Montgomery Circuit Court.

*S. O. Bayless, C. G. Guenther* and *C. Brown,* for appellant.

*A. D. Thomas* and *J. L. Shrum,* for appellee.

McBRIDE, J.—This was a suit to recover a penalty for obstructing a highway, under section 23 of the highway act of March 2d, 1883.    Elliott's Supp., section 1565.

It was commenced originally before a justice of the peace of Montgomery county, and comes to this court because the constitutionality of the statute is challenged.    The ground upon which the statute is assailed is, that it provides for the recovery of a penalty which goes to the trustee of the township for the benefit of the highways of the district, while the appellant insists that penalties should go to the common school fund alone, for the reason that the Constitution provides that the common school fund shall consist, among other things, of " the fines assessed for breaches of the penal laws of the State ; and from all forfeitures which may accrue."    Section 2, article 8.

The objection to the constitutionality of the statute is without foundation.    The constitutional provision in question has reference to fines assessed in criminal prosecutions, and not to penalties recoverable in civil actions.    *Burgh* v. *State, ex rel.,* 108 Ind. 132 (135).

The sufficiency of the complaint was challenged by demurrer in the circuit court on the ground that it did not state facts sufficient to constitute a cause of action ; the specific defect being that it did not aver that the obstruction to the highway in question was " unnecessary and a hindrance to passengers."    The demurrer was overruled, but, after the

evidence was in, the court permitted the plaintiff to amend by inserting the averment in question. The action of the court in permitting the amendment is also questioned as having been an abuse of discretion, and beyond the power of the court to grant.

Without that averment the complaint was fatally defective, and the demurrer should have been sustained. *Nowels* v. *Alter*, 53 Ind. 18.

In our opinion, however, the amendment subsequently made cured the error. It must be remembered that this action was commenced before a justice of the peace, and was, therefore, governed in the circuit court by the rules of practice prevailing in a justice's court. In that court, very properly, very liberal rules prevail relating to the amendment of pleadings.

The statute provides that either party may be permitted to amend his pleadings before or during the trial with the right to the opposite party to a continuance if the amendment requires or permits proof which he could not otherwise introduce. As the amendment in question changed a complaint which was fatally defective to one which was good, we think the appellant would have been entitled to a continuance at the costs of the appellee if he had asked it, but that it was within the power of the court, and not an abuse of its discretion, to permit the amendment.

It is also urged that the complaint is defective upon other grounds: That it is not shown where the obstruction occurred, or in what county or township, or road district it occurred. We think, fairly construed, all of these facts are shown by the complaint.

The appellant moved for a continuance of the cause because of absent witnesses, but the court overruled the motion. The absent witnesses were employees of the appellant, and were, of course, both within its control. As an excuse for not taking their depositions it was shown that upon application to the proper officers of the company by the attorney

The Toledo, St. Louis and Kansas City R. R. Co. v. Stephenson, Trustee.

they promised the personal attendance of the witnesses. The affidavit for a continuance shows diligence upon the part of the appellant's attorneys as between them and their clients, but shows no excuse for the failure of its officers to keep their promise to have the witnesses present. The showing was not sufficient, and the court did not err in overruling the motion. The complaint charged the obstruction of the highway by the construction of the appellant's railroad over it, and so low that travellers could not pass under its bridge, and that it had dug out and carried away the road-bed of the highway for a distance of forty feet, leaving a hole of that size into which the water flowed and accumulated to such an extent that it made the road impassable; that this was done July 5th, 1889, and continued to the 11th day of August, 1889.

The statute prescribes as the penalty in such cases five dollars, but provides that if the obstruction is continued five dollars may be recovered for each day it is continued. The appellant moved to require the appellee to separate the complaint into paragraphs, contending that as each day the obstruction was continued constituted a separate offence, it also constituted a separate and distinct cause of action, and that each should be separately stated and numbered.

Where the action is for the recovery of a penalty for an offence which is shown to be continuous, the penalty being fixed at so much for each day of its continuance, it is not necessary to declare in separate counts for each day's penalty, but all may be grouped together in one count, covering the entire period.

The appellant filed an answer in two paragraphs, the first being the general denial, and the second a special plea. The circuit court sustained a demurrer to the special plea. This was not error. Every material fact averred in the special plea could have been proven under the general denial. Indeed, the cause originating as it did before a justice of the peace they were provable without plea.

The only other question argued is the sufficiency of the evidence to sustain the verdict. There is evidence to support it, and we will not consider its weight. That question was for the jury alone.

Judgment affirmed, with costs.

Filed April 20, 1892.