## Indiana Union Traction Company *v.* Keyes.

### [No. 21,982.    Filed May 28, 1912.]

1. CONTINUANCE.—*Absence of Witness.—Due Diligence.—Motion.—Sufficiency.*—Where it appeared from a motion for a continuance that the cause was set for trial and a witness for defendant was subpoenaed to appear and testify at the trial, that the cause was continued to a later date and after the continuance the witness was instructed and advised by defendant's attorney that she would be required to appear on the later date without further process, that on the day before the date to which the cause had been continued the defendant became aware for the first time that the witness was out of the county and that she would probably not be present at the trial and consequently the continuance was asked, the motion did not show due diligence, and was properly overruled.    p. 699.
2. APPEAL.—*Verdict.—Sufficiency of Evidence.*—A cause will not be reversed for insufficiency of the evidence to sustain a verdict for plaintiff if there is some evidence to support each material allegation of the complaint.    p. 700.

From Delaware Circuit Court; *Joseph G. Leffler*, Judge.

Action by Norah Keyes against the Indiana Union Traction Company. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.)    *Affirmed.*

*J. A. Van Osdol, Kittinger & Diven, Warner & Warner,* for appellant.

*C. W. Dearth, J. T. Wallerhouse* and *Frank Ellis,* for appellee.

MORRIS, J.—Suit by appellee against appellant for damages for personal injuries. Trial by jury, verdict and judgment for appellee. The only error assigned here is the overruling of appellant's motion for a new trial. The motion presents two questions, viz.: (1) The refusal of the trial court to grant a continuance, and (2) the alleged insufficiency of the evidence to support the verdict.

It appears from the motion for a continuance that the cause was first set for trial on November 14, 1908, and Mrs. E. S. Thompson, a resident of Delaware county, was

1. subpoenaed by appellant, to appear as a witness, and testify in its behalf, on that date. The cause was continued until December 9, 1908. After the continuance, the witness was instructed and advised by appellant's attorney of the fact of the continuance, and that she would be required to appear on December 9, 1908, without further process. Between the time she was subpoenaed to appear, on November 14, 1908, and December 8, 1908, when the affidavit for a continuance was filed, the witness went to visit her son in Clay county, Indiana, and was at the latter place when the affidavit for a continuance was filed. The defendant was not aware of the witness's absence in Clay county until December 8, 1908, on which day the attorney tried to get in communication with her by telephone, but failed. He was thereupon informed by her husband that it was doubtful if she would be in Muncie on December 9, and consequently appellant asked a continuance. The motion and affidavit for a continuance sets out material facts, expected by appellant to be proved by the absent witness.

The court properly overruled the motion. No subpoena was served on the witness for her appearance on December 9. Due diligence was not shown. §419 Burns 1908, §410 R. S. 1881. *Gordon* v. *Spencer* (1829), 2 Blackf. 286; *Lane* v. *State, ex rel.* (1866), 27 Ind. 108; *Toledo, etc., R. Co.* v. *Stephenson* (1892), 131 Ind. 203, 30 N. E. 1082; *Ohio, etc., R. Co.* v. *Wrape* (1892), 4 Ind. App. 108, 30 N. E. 427.

There was some evidence to support each material allegation of the complaint, and consequently this court

2. is not warranted in reversing the judgment for insufficiency of the evidence. Judgment affirmed.

NOTE.—Reported in 98 N. E. 633. See, also, under (1) 9 Cyc. 143; (2) 3 Cyc. 348. As to the diligence required to have been exercised by a party to entitle him to a continuance on the ground of the absence of a witness, see 74 Am. Dec. 145.