## PIKE COUNTY COAL COMPANY *v*. FARRABEE, ADMINISTRATRIX.

[No. 11,393.   Filed January 10, 1923.]

1. **VENUE.**—*Resident and Nonresident Defendants.—Dismissal as to Resident Defendant.—Jurisdiction over Remaining Defendant.*—Where an action for a railroad employe's death was brought against the railroad company and a nonresident company in a county wherein the railroad company was a resident, the suit could be prosecuted in such county against the nonresident company, notwithstanding the subsequent dismissal of the action as to the railroad company, in view of §315 Burns 1914, §312 R. S. 1881, providing that, where there are several defendants, suit may be brought in any county where either defendant resides; there being no element of fraud, or of bad faith in bringing the suit in the county in which it was commenced. p. 212.

2. **NEGLIGENCE.**—*Persons Rightfully on Premises.—Care Required to Avoid Injury.*—Where an employe of a railroad company who was killed while in the performance of his duty was rightfully at and in the place he was occupying at the time he received his injury by the act of a coal company, a general duty rested upon the coal company's servants to exercise reasonable care not to injure the servants of the railroad company; the rule that the coal company would be liable only for wanton or wilful injury not being applicable.   p. 213.

3. **RELEASE.**—*Covenant not to Sue.—Operation.*—An instrument acknowledging the receipt of a sum of money from defendant railroad company, in consideration of which the recipient covenants not to sue such defendant on account of damages alleged to have been sustained, does not constitute a release, and does not bar an action for such damages against a codefendant. p. 213.

From Posey Circuit Court; *Herdis F. Clements*, Judge.

Action by Lena Farrabee, administratrix of the estate

of John C. Farrabee, deceased, against the Pike County Coal Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Walker & Walker,* for appellant.

*George K. Denton* and *Edmund L. Craig,* for appellee.

ENLOE, J.—This action was originally brought in the superior court of Vanderburgh county by the appellee, as plaintiff, against the Evansville, Indianapolis and Terre Haute Railway Company and the Pike County Coal Company, to recover damages on account of the death of one John C. Farrabee, late husband of said Lena Farrabee, and who, at the time of his death was an employe of said railway company, and whose death was alleged to have been caused by the negligent acts of said defendants.

Shortly after the suit was brought the appellee dismissed her action as to the said railway company, and then filed an amended complaint, in two paragraphs, against the appellant herein. Thereupon the appellant filed its answer in abatement, alleging that it was a nonresident of Vanderburgh county; that it had no officer or agent in said county; that it was a resident of Pike county, Indiana, and that its office and place of business was in the town of Petersburg, in said county.

To this answer in abatement there was a reply in general denial, and the issue thus formed was submitted to the court for trial, and resulted in a finding against the appellant thereon, although the said matter was tried upon a stipulation of facts, covering the facts alleged in said answer, and admitting said facts to be true.

The appellant then filed its demurrer to said amended complaint and to each paragraph thereof, with a memorandum of alleged deficiencies, which demurrer was overruled, and appellant then answered: (1) by a general denial; and (2) that appellee had settled with

the said railway company for all damage sustained .in the matter complained of, and had released said railway company from all liability on account thereof. A reply in general denial to this latter paragraph of answer closed the issues, which were submitted to a jury for trial, and resulted in a verdict against appellant in the sum of $1,600. There was a motion for a new trial, which being overruled, this appeal followed. The errors assigned and presented challenge the action of the trial court: (1) in deciding against appellant on its answer in abatement; (2) in overruling its demurrer to the complaint; and (3) in overruling its motion for a new trial.

First, as to the answer in abatement:—This answer presented no question of fraud, or of want of good faith, in the bringing of this suit in Vanderburgh county, against both the named defendants. The said railway company was, in contemplation of law such a resident of said Vanderburgh county that it could be sued in the courts of that county, and this authorized, when said railway company was so sued, the issuing of process as against appellant, to Pike county, the place of its residence. §315 Burns 1914, §312 R. S. 1881. The fact that said suit was subsequently dismissed, as to the resident defendant, did not of itself, deprive the court of jurisdiction over the nonresident defendant. *Robertson* v. *Thompson* (1851), 3 Ind. 190. Had there been any element of fraud, or of bad faith in the bringing of this suit at the place and in the manner it was brought, quite a different question would have been presented for our consideration. See *Shryer* v. *Miner* (1863), 20 Ind. 175. The court did not err in deciding against appellant on its answer in abatement.

It is next urged that the demurrer to the complaint and to each paragraph thereof should have been sus-

tained. It is urged that there are no averments in either paragraph of said complaint which show that the appellant owed the deceased any duty which is violated; that the complaint is insufficient because:—"The Coal Company owned plaintiff's intestate, who was employed by the railroad company, no duty, and is liable only in case of wilfulness or wantonness, to commit the injury complained of." In this contention, as to the law, appellant is mistaken. If the allegations of the complaint be taken as true, and we must so consider them on demurrer, the deceased was rightfully at and in the place he was occupying at the time he was crushed and killed; he was in such place in the performance of his duties to his master, and the rule contended for, as to willful or wanton injury, has no application to the facts as alleged in said complaint. There was, under the averments of the complaint, a general duty resting upon the servant of appellant to exercise reasonable care not to injure any of the servants of said railway company. The maxim *sic utere tuo ut alienum non laedas* applies, and the complaint was good as against the demurrer.

Under the assignment that the court erred in not granting a new trial, two questions only are presented by appellant in its brief, under "propositions or points," and all others are therefore waived.

It is first insisted that the verdict is contrary to law because the evidence conclusively shows, it is urged, that the appellee fully settled with and released the said railway company for all the damage she had sustained in the matter complained of. The evidence by which appellant sought to establish the fact of settlement and release was an instrument in writing, which, when carefully read, is not a release, but an instrument which acknowledges the receipt of a sum of money paid by said railway company to appellee, and

in consideration of such payment appellee "covenanted not to sue" said railway company, on account of said damages, so alleged to have been sustained. The said writing in this case so closely follows the wording and provisions of the instrument in question before this court in the case of *Parry Mfg. Co.* v. *Crull* (1913), 56 Ind. App. 77, 101 N. E. 756, as to suggest that the instrument in the Crull case may have been used as a model from which the instrument now under consideration was drawn. As a covenant not to sue, said instrument was not a release, and did not bar this action. *Parry Mfg. Co.* v. *Crull, supra.*

It is next insisted that the evidence conclusively shows that the deceased was guilty of contributory negligence, as a matter of law, and that we should so declare it. With this contention we cannot agree. The question of decedent's negligence, if any, which proximately contributed to his injury, was rightfully submitted to the jury which tried this case, and they have found against appellant on that proposition.

No error has been presented. Judgment affirmed.