WESTERN UNION TELEGRAPH COMPANY *v.* FERGUSON.

[No. 19,297.    Filed May 28, 1901.]

TELEGRAPH COMPANIES.—*Failure to Transmit Message.—Aggrieved Party.*—The "aggrieved party" under §5511, 5512 Burns 1894 providing a penalty for the failure of telegraph companies to receive and transmit messages as in the statute provided is the person whose message the telegraph company has refused to receive or failed to transmit on the terms or in the manner prescribed by the statute. *pp. 40, 41.*

SAME.—*Failure to Transmit Message.—Penalty.*—In an action against a telegraph company to recover the penalty provided by §§5511, 5512 Burns 1894 for failure to transmit a message as in the statute provided it is not necessary for the plaintiff to show that he has sustained any actual damages. *pp. 40, 41.*

SAME.— *Failure to Transmit Message.—Penalty.—Constitutional Law.*—The provision of §§5511, 5512 giving the aggrieved party a civil right of action against a telegraph company for a fixed penalty for the failure of such company to transmit a message in the manner prescribed by the statute is not violative of §2 of article 8 of the State Constitution in that it deprives the school fund of a proper source of revenue. *pp. 40, 41.*

SAME.—*Failure to Transmit Message.—Penalty.—Constitutional Law.*—The statute, §§5511, 5512 Burns 1894, providing a penalty recoverable by the aggrieved party for failure of a telegraph company to transmit a message in the manner prescribed by the statute is not violative of §17, article 5 of the State Constitution which gives the Governor power to grant reprieves, commutations and pardons after convictions, since such terms do not apply to the release of judgments in civil actions. *p. 41.*

SAME.— *Failure to Transmit Message.— Constitutional Law.—* The statute, §§5511, 5512 Burns 1894, providing a penalty for failure to

transmit telegraph messages as therein provided'is not violative of §1, article 14 in amendment of the federal Constitution which forbids any state to "deny to any person within its jurisdiction the equal protection of the laws," in that it applies to corporations, and not to individuals, as an individual, partnership, or corporation may own and operate a "telegraph line" and do a general business under the name of a "telegraph company." *pp. 41, 42.*

TELEGRAPH COMPANIES.— *Failure to Transmit Message.—Answer.— Complaint.*—In an action to recover the penalty under §§5511, 5512 Burns 1894 for failure to transmit a telegraph message in the manner prescribed therein an answer alleging diligence on the part of the defendant in attempting to deliver the message to the addressee, and the negligence of plaintiff in failing to furnish an accurate address, was no defense to an allegation in the complaint that defendant failed to "transmit the same with impartiality and in good faith, and in the order of time in which it was received." *p. 42.*

SAME.—*Failure to Transmit Message.—Answer.—Complaint.*—A special finding, in an action to recover the penalty under §§5511, 5512 Burns 1894 for failure to transmit a message in the manner therein prescribed, that the message was not transmitted and delivered in the order of time in which it was received was not a conclusion of law, but a proper statement of fact. *p. 42.*

SAME.—*Failure to Transmit Message.—Penalty.*—In an action under §§5511, 5512 Burns 1894, to recover the penalty for failure to transmit a message as in the statute provided, evidence that the message was received by defendant's agent at a hamlet that comprised but two houses, and at one of these, within fifty yards of defendant's office, the addressee had been living for six weeks prior to the receipt of the message, and that the agent never inquired at this house, and never delivered the message, but subsequently delivered other messages to other persons in the hamlet, warranted a finding of negligent failure to transmit the message in the order of time in which it was received, and the assessment of the penalty therefor is sustainable under the statute. *Western Union Tel. Co.* v. *Steele,* 108 Ind. 163 ; *Western Union Tel. Co.* v. *Swain,* 109 Ind. 405, and *Western Union Tel. Co.* v. *Jones,* 116 Ind. 361, disapproved. *pp. 42-44.*

From Monroe Circuit Court; *W. H. Martin,* Judge.

Action against telegraph company to recover statutory penalty for failure to transmit message. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*T. J. Louden, J. H. Louden, S. N. Chambers, S. O. Pickens* and *C. W. Moores,* for appellant.

*J. E. Henley* and *J. B. Wilson,* for appellee.

Western Union Tel. Co. *v.* Ferguson.

BAKER, J.—Appellee brought this action under §§5511, 5512 Burns 1894, §§4176, 4176a Horner 1897, which read: "5511. That every telegraph company with a line of wires wholly or partly within this State, and engaged in doing a general telegraphic business, shall, during the usual office hours, receive dispatches, whether from other telegraph lines, or other companies, or individuals, and shall, upon the usual terms, transmit the same with impartiality and in good faith, and in the order of time in which they are received, and shall in no manner discriminate in rates charged, or words or figures charged for, or manner or conditions of service between any of its patrons, but shall serve individuals, corporations and other telegraphic companies with impartiality: *Provided, however,* That arrangements may be made with the publishers of newspapers for transmission of intelligence of general and public interest out of its order, and that communication for and from officers of justice shall take precedence of all others. · 5512. Any person or company violating any of the provisions of this act shall be liable to any party aggrieved in a penalty of $100 for each offense, to be recovered in a civil action in any court of competent jurisdiction: *Provided,* Nothing in this act shall be construed to take away or abridge the right of such aggrieved party to appeal to a court of equity to prevent such violations or discriminations by injunction or otherwise." The complaint alleges that appellee filed a message with appellant for transmission and paid the usual charges, and that appellant failed to "transmit the same with impartiality and in good faith, and in the order of time in which it was received". Demurrer for want of facts was overruled. Appellant answered in three paragraphs, (1) general denial, (2) that appellant used reasonable diligence in attempting to deliver the message to the addressee, and (3) that the failure to deliver the message resulted from appellee's neglect to furnish an accurate address. Demurrer for want of facts was sustained to second and third answers. Special

findings of facts and conclusions of law. Appellant's motion for a *venire de novo* was overruled. Judgment for $100 in favor of appellee. Appellant's motion for a new trial was overruled. Error is assigned on each adverse ruling.

The first objection urged against the complaint is that it fails to show that appellee is an "aggrieved party" entitled to maintain the action. The "aggrieved party" under the statute is the person whose message the telegraph company has refused to receive or failed to transmit on the terms or in the manner prescribed by the statute. *Hadley* v. *Western Union Tel. Co.*, 115 Ind. 191. It is not necessary for the plaintiff to show that he has sustained any actual damages. He may recover compensation for such damages independently of this statute, which furnishes a cumulative remedy and warrants the recovery of fixed punitive damages.

The complaint is also assailed on the ground that the statute under which the action is brought is unconstitutional, because it violates (1) section 2 of article 8, which gives the school fund all moneys that arise "from the fines assessed for breaches of the penal laws of the State; and from all forfeitures which may accrue"; (2) section 17 of article 5, which accords the Governor "the power to grant reprieves, commutations, and pardons, after conviction, for all offenses except treason and cases of impeachment, subject to such regulations as may be provided by law"; (3) section 16 of article 1, which prohibits cruel and unusual punishment and provides that "all penalties shall be proportioned to the nature of the offense", and (4) section 1 of article 14 in amendment of the federal Constitution, which forbids any state to "deny to any person within its jurisdiction the equal protection of the laws."

The first objection has been held to be ill-founded in *Burgh* v. *State, ex rel.*, 108 Ind. 132, *Toledo, etc., R. Co.* v. *Stephenson*, 131 Ind. 203; *State* v. *Indiana, etc., R. Co.*, 133 Ind. 69, 18 L. R. A. 502, and *Judy* v. *Thompson*, 156

Ind. 533. The legislature might have made the dereliction of duty by telegraph companies a misdemeanor; and if that had been done, the arguments of counsel would require an examination of the question whether or not all or any part of "the fines assessed for breaches of the penal laws of the State" could be given to the informer or prosecuting witness. But, (1) the legislature did not embrace telegraph companies' breaches of public duty within the penal code, and (2) a recovery can not be had by an informer as such, but only by the party aggrieved by the breach of a specific duty owing to himself. So also, the school fund is to be enriched "from all forfeitures which may accrue" to the State. If "all forfeitures" are to go to the school fund, irrespective to the party to whom they "may accrue", it would be futile for any one, so far as his own interests were concerned, to put a condition subsequent in his deed, or bond, or contract. The giving to an aggrieved party a civil right of action for fixed punitive damages against administrators for malfeasance, against public officers for extortion, against mortgagees for failing after demand to release mortgages on the public records, against telegraph companies for violation of statutory duties, and the like, does not deprive the school fund of any of its sources of revenue.

The second objection falls with the first. The terms "reprieves, commutations, and pardons, after conviction," do not apply to the release of judgments in civil actions.

The fact that this is a civil action for the enforcement of a private remedy obviates the third objection also. But even in providing for the punishment of crimes, the legislature is not required to fix maximum and minimum penalties for a particular crime. *Miller* v. *State,* 149 Ind. 607, 40 L. R. A. 109.

In support of the fourth objection, appellant insists that the statute applies to corporations and not to individuals. In the statute, the business of transmitting messages by telegraph is indicated as being conducted by a "telegraph com-

pany" in one place, by a "telegraph line" in another, and by any "person or company" in a third. In considering the connection in which the phrases "telegraph company" and "telegraph line" are used, the thought is directed by the context to the *manner* in which the business shall be conducted rather than to the *person* who owns and operates it. An individual, partnership, or corporation may own and operate a "telegraph line" and do a general business under the name of a "telegraph company". After the *manner* in which the business is to be done is prescribed, every *person* who violates the provisions is made liable to the aggrieved party. This statute is to be construed strictly; but strict construction does not require the court to gaze fixedly upon a single phrase and to be oblivious of the act as a whole.

There was no error in sustaining the demurrer to the second and third answers. The complaint, in one paragraph, charged (1) partiality and bad faith, and (2) negligent failure to transmit the message in the order of time in which it was received. The answers of diligence on the part of appellant and of contributory negligence on the part of appellee, professing to meet the whole complaint, were no defense to the charge of partiality and bad faith.

The special finding was full and explicit. The finding that the message was not transmitted and delivered in the order of time in which it was received was not a conclusion of law, but a proper statement of fact. The findings in regard to the location of appellee's residence and what the agent did towards delivering the message show negligence. The motion for a *venire de novo* was properly overruled.

In support of the motion for a new trial, the principal contention is that the evidence disclosed at most a case of negligent failure to deliver the message in the order of time in which it was received, and that for such negligence no recovery can be had under the statute. The message was received by appellant's agent at a hamlet that comprised but two houses. At one of these, within fifty yards of appel-

lant's office, the addressee had been living for six weeks prior to the receipt of the message. The agent never inquired at this house, and never delivered the message, but subsequently delivered other messages to other persons in the hamlet. This evidence warranted a finding of negligent failure to transmit the message in the order of time in which it was received. Assuming that it fails to show partiality and bad faith, the question is presented whether the assessment of the penalty is sustainable under the statute. Three special duties are laid upon those engaged in the telegraph business. They are required to receive and transmit dispatches (1) with impartiality and good faith, and (2) in the order of time in which they are received, and (3) without discrimination in rates or conditions of service. The failure to discharge any one of these duties subjects the defaulter to the penalty in favor of the aggrieved party. Conceding that the first and third requirements can not be violated except by the intentional wrongdoing of the operator, it does not follow that a transgression of the second may not be committed through negligence. Discrimination in rates, or the display of partiality and bad faith, may, from the nature of the terms employed, imply aggression, wilfulness; but the failure to transmit the message in the order of time in which it is received may occur as well from negligence as from design. If, as appellant insists, there can be no recovery for a breach of the second duty unless it arises from partiality and bad faith, the legislature is convicted of the inanity of inserting a second conjunctional clause that is entirely destroyed by the first. In *Western Union Tel. Co.* v. *Steele,* 108 Ind. 163, the complaint was for delay in transmission. The action was not based upon the company's failure to transmit the message in the order of time in which it was received. The particular negligence charged was not within the statute, and for that reason the complaint was insufficient. But in holding that no act of negligence was within the statute, we are of the opinion that the phraseology

of the statute was not weighed with the care that might have been given if the exact question now under consideration had been squarely presented; and in that respect the Steele case and the cases of *Western Union Tel. Co.* v. *Swain,* 109 Ind. 405, and *Western Union Tel. Co.* v. *Jones,* 116 Ind. 361, are disapproved. A penal statute should not be extended by implication. But, in construing it strictly, regard should be had for the clear letter of the statute. And it is something more than strict construction that eliminates an entire coördinate clause. Our conclusion is that a breach of statutory duty results from the failure, whether intentional or otherwise, to transmit messages in the order of time in which they are received. Naturally, if the sender addresses a message to a fictitious person, or fails to furnish a correct or sufficient address, so that by the exercise of reasonable diligence the message can not be delivered, the proximate cause of the failure is the act of the sender, and the company has not violated any duty owing to him.

In the motion for a new trial, appellant alleges that the court erred in ordering the production of the original message for the use of appellee at the trial. The objections urged are that appellant had no notice of the motion to produce and that no affidavit of necessity and materiality was filed. The bill of exceptions shows that notice of the motion was served on appellant, but fails to give the date of service. The bill also shows the filing of the motion, but does not set it out. If the motion contained the showing of necessity and materiality, and was verified, there was no occasion for filing a separate affidavit. Besides, the bill does not state that no affidavit was filed, nor that the bill contained all the proceedings in connection with the motion. To challenge the court's ruling successfully, it was appellant's business to bring here a bill of exceptions that shows an error positively, not conjecturally,—and one that was prejudicial to appellant's substantial rights on the trial.

Judgment affirmed.