## TERRE HAUTE AND LOGANSPORT RAILROAD COMPANY v. ERDEL ET AL.

[No. 19,698. Filed February 4, 1902. Rehearing denied April 9, 1902.]

APPEAL AND ERROR.—*Cause Originating Before Justice of the Peace.— Constitutional Question.*—To authorize an appeal under §§1337f, 1337h Burns 1901 in a case originating before a justice of the peace involving the construction of a statute, the record must affirmatively show that some statute, or provision thereof, is reasonably subject to more than one construction, or may be reasonably regarded as ambiguous or uncertain in meaning, and that the question presented invokes an interpretation of the statute, and affects the rights of the party presenting it. *pp. 346, 347.*

SAME.—*Cause Originating Before Justice of the Peace.—Constitutional Question.*—An assignment of error on the overruling of a demurrer to the evidence in an action against a railroad company by an abutting landowner to recover the cost of constructing a fence along defendant's right of way, on the ground that there was an entire absence of evidence on the questions of the sufficiency of the fence to turn cattle, and that the fence was not at the crossing of a public highway, does not involve the construction of the statute within the meaning of §§1337f, 1337h Burns 1901 granting appeals in cases originating before justices of the peace where the construction of a statute is involved. *pp. 347, 348.*

From Clinton Circuit Court; *J. V. Kent*, Judge.

Action by William Erdel and others against the Terre Haute and Logansport Railroad Company to recover the costs of constructing a fence along defendant's right of way. From a judgment for plaintiffs, defendant appeals. *Appeal dismissed.*

*C. G. Guenther, A. B. Clark* and *J. G. Williams*, for appellant.

*O. E. Brumbaugh* and *J. Combs*, for appellees.

HADLEY, J.—Action by appellees to recover from appellant the cost of constructing a fence along a portion of appellant's right of way which abuts on the lands of appellees, under the provisions of §§5323, 5324, 5325 Burns 1901 (Acts 1885, p. 224). The substance of these sections is that a railroad company shall construct, and thereafter keep in good repair, fences, which may be made of barbwire, on both sides of their railroad, sufficient and suitable to prevent horses, mules, cattle, sheep, hogs, and other stock from getting on the railroad, except at the crossing of public highways, and along platted grounds in towns and cities. If a railroad company neglects to build or keep such fence in repair, the owner of the abutting land shall have the right, after thirty days' notice to the company of his intention so to do, to enter upon the right of way and construct or repair so much of said fence as runs along his land, and when completed he may present to the company a verified, itemized statement of the cost of such fence, and on which account, if not paid within sixty days thereafter, he may bring suit in any court of competent jurisdiction, and recover the reasonable value of such fence, together with his attorney's fees.

The action was begun before a justice of the peace, in which court the plaintiffs recovered a judgment for $49.69. Appellant appealed to the circuit court. In the latter court appellant's demurrer to the complaint for insufficiency of facts was overruled. The case went to trial before the court on the general issue. At the conclusion of the plaintiffs' evidence, appellant's demurrer to the evidence for its insufficiency to support the cause of action was overruled, and judgment rendered against it for $49.69. Appellant's motion for a new trial having been overruled, it then filed its motion and prayer for an appeal to this court on the

ground that the construction of the statute above cited is involved, and that the same was duly presented to the court by appellant's demurrer to the complaint and demurrer to the evidence. The prayer for an appeal was denied. The only assignment relied upon for reversal is "the overruling of the demurrer to the evidence."

Appellees move a dismissal of the appeal for want of jurisdiction in this court to consider it. Appellant claims the right of appeal under the provisions of §§1337f, 1337h Burns 1901 (§§6, 8 Acts 1901, p. 566), which follow: Section 6. "No appeal shall hereafter be taken to the Supreme Court or to the Appellate Court in any civil case which is within the jurisdiction of a justice of the peace, except as provided in §8 of this act." Section 8. "Every case in which there is in question, and such question is duly presented, either the validity of a franchise, or the validity of an ordinance of a municipal corporation or the constitutionality of a statute, State or federal, or the proper construction of a statute, or rights guaranteed by the State or federal Constitution, and which case would be otherwise unappealable by virtue of §6 or §7 shall be appealable directly to the Supreme Court, for the purpose of presenting such question only."

It is conceded that, under the law as it stood prior to the act of 1901, this case was unappealable; it having originated before a justice of the peace, and the amount in controversy being less than $50. It is contended, however, with much reason and force, that the purpose of the General Assembly, by the new act, was to provide a procedure by which questions involving the validity of a franchise or of a municipal ordinance, or the constitutionality or construction of a statute, being questions which affect the general public, should be carried directly to the Supreme Court for settlement with as little delay as possible; and that any case originating before a justice of the peace, involving such a question, and in which the question is prop-

erly presented, is appealable, without reference to the amount in controversy, to the Supreme Court for the purpose of presenting such question only. But allowing this contention will not end the case. The assertion that the construction of a statute is involved does not make it so. The record must affirmatively show that some statute, or provision thereof, is reasonably subject to more than one construction, or may be reasonably regarded as ambiguous or uncertain in meaning, and that the question presented invokes an interpretation of the statute, and affects the rights of the party presenting it. The phrase "construction of a statute", as used in the new act, means to interpret, to elucidate, to define and declare the meaning of that which is obscure and uncertain, and can have no application to a statute in which there is nothing doubtful or ambiguous in its terms. Construction can only be employed for the discovery of the true intent and meaning of an instrument, and when the language is plain there can be no construction, because there is nothing to construe. It is preposterous to say that the lawmakers intended to authorize the bringing of a statute to this court, by special proceeding, for construction or interpretation, when there existed no dispute, nor ground for dispute, as to its intent and meaning.

Appellant claims that its question of statutory construction arises upon its demurrer to the evidence. In the complaint it is alleged, with other averments necessary under the statute, that "the plaintiffs entered upon said right of way abutting on said real estate, and repaired said fence, and put the same in good condition, and made a fence proper and sufficient to turn horses, cattle, mules, sheep, hogs, and other stock", and "that no part of said fence built and repaired by the plaintiffs, for which compensation is sued for, is at the crossing of any public road or highway." The insistence is, that in the plaintiff's evidence given in support of this complaint there is a total absence of any

evidence "(1) that the fence constructed by appellees was sufficient and suitable to turn and prevent horses, cattle, mules, sheep, hogs, and other animals from going on the railroad; and (2) that the fence is not at the crossing of a public road or highway"; and we are asked to construe the statute as meaning that, in actions under it, the plaintiff, to recover, must prove the material averments of his complaint. There is no pretense that there is anything uncertain or doubtful in the meaning of the statute, or that the plaintiffs or the court have construed it erroneously. Indeed, it appears from the complaint that the plaintiffs properly understood, as appellant contends, that, to recover for the fence, it was necessary to bring their claim fully within the provisions of the statute. And the fact that they averred the kind of fence made, and where they made it, and where they did not make it, is equivalent, as a matter of general practice, to a confession that such averments must be proved by them. There is nothing in the law, nor in the case anywhere, to indicate that any dispute has arisen, or can reasonably arise, as to the true intent and meaning of the statute. So that it is clear that appellant's proposition relates to a question of proof, and not to one of construction.

In no similar case originating before a justice of the peace can we do more than define the controverted meaning of some statute, for the guidance of the court below. With the merits of the case we have nothing to do. Then, should we assume to grant all appellant asks, and declare that, under the statute, appellees cannot recover without proving the two facts stated, how would appellant's situation be improved? We cannot consider the weight of the evidence, nor whether there is, or is not, any evidence on these essential questions of fact; and in the absence of an affirmative showing that appellant has been injured, or probably injured, by an erroneous construction of a statute in some ruling of the trial court, there can be no reversal. Such a showing appellant has not made.

There being no construction of a statute involved in this case, we have no jurisdiction, and the appeal must therefore be dismissed.

Appeal dismissed.