## STULTS v. BOARD OF COMMISSIONERS OF THE COUNTY OF ALLEN.

[No. 20,993. Filed May 28, 1907.]

1. APPEAL.—*Supreme Court.—Jurisdiction.—Amount Involved.*—An appeal does not lie to the Supreme Court from a judgment not exceeding $50, exclusive of interest and costs, unless the validity of a franchise, or municipal ordinance, or the constitutionality or proper construction of a statute, or a question of constitutional rights, is presented.   p. 540.

2. CORONERS.—*Inquests.—Whether Judicial.*—A county coroner, in holding an inquest under §7954 Burns 1901, §5878 R. S. 1881, providing that upon hearing of a dead person in his county, supposed to have died from violence or casualty, the coroner shall hold an inquest, does not act in a judicial capacity. p. 541.

3. FEES AND SALARIES. — *Coroners.—Inquests.—Presumptions.*—The holding of an inquest by a coroner is *prima facie* evidence that he was warranted in so doing, but upon a hearing of his claim therefor, the question is whether he is justly entitled to an allowance for his services.   p. 542.

4. CORONERS.—*Inquests.—Right to Decide Upon Holding.*—To justify a coroner in holding an inquest, under §7954 Burns 1901, §5878 R. S. 1881, there must be a reasonable suspicion that the decedent came to his death from "violence or casualty." p. 543.

5. FEES AND SALARIES. — *Collection of. — Coroner's Inquests. — Witnesses.*—It is the duty of parties claiming fees due to them by virtue of services at a coroner's inquest, to prosecute their own claims.   p. 544.

6. APPEAL.—*Judgment Under $50.—Statutes.*—On appeal from a judgment in favor of the board of commissioners, in an action by the county coroner for fees for holding an inquest, only the construction of the statute in question, can be reviewed.  p. 544.

7. SAME. — *Judgment Under $50. — Statutes. — Construction. —* Where the trial court could have reached the result, even though an erroneous one on the evidence, by entertaining the proper construction of the statute involved, the cause cannot be reversed on appeal, where the judgment did not exceed $50, exclusive of interest and costs.   p. 545.

8. SAME.—*Judgment Under $50.—Evidence.—Exclusion.*—Where, on appeal, only the construction of a statute is involved, the exclusion of evidence on the grounds that the questions were

leading and because leave had not been obtained to ask an original question on redirect examination, cannot be considered. p. 546.

From Superior Court of Allen County; *Edwin C. Vaughn,* Special Judge.

Action by Joseph E. Stults against the Board of Commissioners of the County of Allen. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*E. V. Harris* and *H. C. Hanna,* for appellant.
*E. G. Hoffman* and *W. N. Ballou,* for appellee.

GILLETT, J.—Appellant, as coroner of Allen county, filed, in the form of an itemized bill, before the board of commissioners of said county, a statement of his own fees, and of the claims of other officers and persons, in and about the holding of an inquest and post-mortem. The bill aggregated $43.50. The commissioners disallowed it, and appellant appealed. In the court below appellee filed a general denial and a special answer. Appellant, after unsuccessfully demurring to the latter answer, filed a reply thereto, and the cause was submitted to the court for trial without the intervention of a jury. The trial resulted in a finding and judgment for appellee, and from such judgment appellant appeals, assigning as error that the court below erred in overruling said demurrer, and in overruling his motion for a new trial.

At the outset our jurisdiction is challenged by counsel for appellee, since the claim is less than $50. By Acts 1903, p. 280, §1337f Burns 1905, which is an amendment of the act of 1901 (Acts 1901, p. 565, §1337a *et seq.* Burns 1901), defining the jurisdiction of the Supreme and Appellate Courts, it is provided that "no appeal shall hereafter be taken to the Supreme Court or Appellate Court in any civil case where the amount in the controversy, exclusive of interest and costs, does not exceed $50, except as provided in section eight of

this act." Said section eight (§1337h Burns 1901) reads as follows: "Every case in which there is in question, and such question is duly presented, either the validity of a franchise, or the validity of an ordinance of a municipal corporation, or the constitutionality of a statute, state or federal, or the proper construction of a statute, or rights guaranteed by the state or federal Constitution, and which case would be otherwise unappealable by virtue of section six or section seven, shall be appealable directly to the Supreme Court, for the purpose of presenting such question only." If we have jurisdiction of this case, the proper construction of a statute must be in question, and duly presented, and, if so, the cause is appealable for the sole purpose of presenting such question.

The statute which is supposed to require construction is the act of 1879 (Acts 1879, p. 105, §1, §7954 Burns 1901, §5878 R. S. 1881). That section reads: "Every coroner, as soon as he shall be notified that the dead body of any person supposed to have come to his death by violence or casualty is within his county, shall immediately proceed to inquire, upon view of the body, how and in what manner he came to his death." The intendment of the statute, as to the cases in which an inquest shall be held, does not appear to stand in need of construction. Its language is its own best expositor in this respect. Counsel for appellant claim, however, that the statute is open to construction with reference to the point as to whether the determination of the coroner that a particular case is such as to warrant the holding of an inquest is conclusive against the county, or, in other words, as to whether his supposition as to the cause of death governs. They contend that this question should be answered in the affirmative, and they further contend, upon this hypothesis, that it appears that the court erred in overruling the demurrer to appellee's special answer, and that the case, as presented on the evidence, is one in which it is shown, without the

slightest dispute, that appellant is entitled to recover. It appears to us that it may fairly be said that the statute is open to construction with reference to the power of the coroner conclusively to determine his authority to act, when the question arises in an action for his fees, and we are further of opinion that the special answer presents this question.

It is stated in the points in appellant's brief that the coroner acts judicially in holding an inquest, and that, having held an inquest upon the body of a person found dead within his county, his action, being of a judicial character, cannot be reviewed, and therefore he is entitled to his fees. It is further contended in appellant's behalf that under the statute the discretion is vested in the coroner of determining whether an inquest shall be held. We are of opinion that counsel are in error in their contention that the coroner acts judicially in holding an inquest. Judicial power is vested in the courts. It cannot, under the framework of the state government, reside elsewhere. *Branson v. Studabaker* (1892), 133 Ind. 147; *State, ex rel., v. Noble* (1889), 118 Ind. 350, 4 L. R. A. 101, 10 Am. St. 143. An inquest is a mere finding, and does not establish rights, and therefore the authority lacks the first element of judicial power. The coroner stands as an ordinary ministerial officer in respect to his claims for allowances.

While the fact that he has held an inquest may, in 3. view of the presumption of the regularity of official action, create a presumption that he was warranted in so doing, yet, when his claim against the county is heard, the question is whether a case is made out for the allowance of his demand. *Reg. v. Justices of Gloucestershire* (1857), 7 Ellis & Black. (90 Eng. Com. L.) *805; *County of Lancaster v. Mishler* (1882), 100 Pa. St. 624, 45 Am. Rep. 402; 9 Cyc. Law and Proc., 995, and cases cited. The board of commissioners is required to pass on the claim, and the allowance of it by the board depends, under §7846

Burns 1901, §5759 R. S. 1881, upon whether it be found to be "just and owing." *Pfaff* v. *State, ex rel.* (1884), 94 Ind. 529.

Of course, we recognize the proposition that it is not conclusive that an inquest should not be held because there is nothing in the superficial facts affirmatively show-4. ing that the person whose dead body is found came to his death by violence or casualty, since, at the same time, there may be nothing to speak negatively upon the subject. In other words, the cause of death may be shrouded in such mystery as to warrant the tentative assumption that death was occasioned by violence or casualty, and thus justify the holding of an inquest to subserve the public ends for which the statute was undoubtedly enacted.

The supposition of death by violence or casualty, to which the statute refers, is undoubtedly the coroner's, and we think that he should hold an inquest where there is reasonable ground to suspect that death was so caused; but he must form his judgment upon the facts, and if the circumstances immediately accessible are such as would have disclosed that there was no reasonable basis for the suspicion, he cannot recover fees, where it turns out that death resulted from a natural cause. It was said by Lord Denman, in a case which arose under the English statute: "The mere fact of a body's lying dead does not give the coroner jurisdiction, nor even the circumstances that the death was sudden; there ought to be a reasonable suspicion that the party came to his death by violent or unnatural means. 1 East, Pleas of the Crown, 382, citing 3 MS. cases. And see, also, *Rex* v. *Justices of Kent* [1809], 1 East 229, and *Rex* v. *Justices of Norfolk* [1792], Nolan 141, which is one of the cases cited in 1 East, Pleas of the Crown, 382. The coroner must therefore, before he summons a jury, make some inquiry; and, if on that inquiry he finds that the circumstances which occasioned the death happened out of his jurisdiction, and that there is no reasonable sus-

picion of murder or manslaughter, he ought to abstain from summoning a jury." *Reg.* v. *Great Western R. Co.* (1842), 3 Ad. & Ell. (43 Eng. C. L.) *333. And see *County of Lancaster* v. *Mishler, supra; Burns's Case* (1888), 5 Pa. Co. Ct. 549; *McFadgen* v. *Chester County* (1891), 10 Pa. Co. Ct. 124; *Clark County* v. *Calloway* (1889), 52 Ark. 361, 12 S. W. 756. We deem it clear that appellee's special answer was sufficient as against appellant, as in the circumstances therein alleged his action in holding the inquest was not only unwarranted, but must have been in absolute bad faith.

It is the duty of the coroner, under §7955 Burns 1901, §5879 R. S. 1881, to certify the fact of the service of the physician or surgeon who performs the autopsy, 5. and possibly it is contemplated that the fees of the witnesses, clerk, etc., shall also be certified; but we know of no authority which would authorize the coroner on appeal to wage their contention for them. See *Jameson* v. *Board, etc.* (1878), 64 Ind. 524. In any event, appellant has no standing to complain of the disallowance of any claim connected with the inquest if held in the circumstances set forth in said answer.

Proceeding to the motion for a new trial, we find it contended by counsel for appellee that the question of the proper construction of the statute cannot be raised 6. by the evidence, citing *Terre Haute, etc., R. Co.* v. *Erdel* (1902), 158 Ind. 344. It need not be decided whether it is necessary, in order to warrant us in assuming jurisdiction under section eight of the act of 1901 (Acts 1901, p. 565, §1337h Burns 1901), that the jurisdictional question should appear by a pleading, an instruction, a conclusion of law, a reserved question of law, or a ruling admitting or excluding testimony. It might be that in some cases the evidence, taken as a whole, would present the question. We are, however, unable to say from the evidence in this case that the proper construction of the

coroner's statute is in question and duly presented, as required by §1337h, *supra*. It is obvious that under said section we have no general authority to review the case on its merits; on the contrary, the right of appeal is granted where there is in question, and duly presented, some one of the matters enumerated in the statute, and the appeal is "for the purpose of presenting such question only." As to the general class of cases where the amount in controversy is less than $50, the lawmaking power has deter-

7. mined that there shall be no right of appeal, and we cannot say that there is in question the proper construction of a statute, where the case arises upon the evidence, unless the evidence evinces the fact that the court placed a construction upon a statute. As suggested, we have not been granted general supervisory power over the result had in the lower court in this class of cases. We are not even authorized to consider the evidence, except as it involves the construction of a statute, and if the court below, entertaining a correct view of the statute, has reached a wrong result, owing to a misapprehension of the probative force of the testimony, the party appealing must abide the result. *Terre Haute, etc., R. Co.* v. *Erdel, supra.* It was certainly not the intention of the legislature to grant an appeal where the proper construction of a statute was not necessarily drawn in question before the trial court, nor can a litigant who has been disappointed in the result below take himself out of the general class, and by appeal procure a reversal upon the merits, by a contention which the record does not show to exist.

We have both read and carefully abstracted the testimony in this case, as it is set forth in the bill of exceptions, and so far as we can perceive the finding of the court may have proceeded upon the theory (without any misapprehension as to the meaning of the statute, as we have construed it) that the facts were such that appellant, who was apprised of the general external circumstances, so far as

known, had not reasonable ground to suspect that death was caused by violence or casualty. Appellant's counsel marshal a number of facts which they claim warranted the holding of the inquest. There were, however, a number of facts calculated to allay suspicion that death resulted from violence or casualty. Granting that the court was in error in its conclusion, it cannot be said that the error was a product of the misconstruction of a statute; the court, having had a perfect understanding of the effect of the statute, may nevertheless have been of opinion that, on the whole, appellant was not reasonably justified in holding the inquest. Since we cannot consider the merits of the case upon the evidence, and are limited to a construction of the statute when presented (with power to reverse if the statute was wrongly construed, and that has produced a wrong result), we can only hold that in the circumstances of this case it does not appear from the evidence that the question of the construction of the statute was involved.

A reversal is sought because of two rulings sustaining objections to. questions propounded to appellant on his re-direct examination. The rulings do not present a

8. question as to the construction of the statute, as they may have been based on the ground that the questions were leading, or for the reason that leave had not been obtained for the propounding of an original question.

Judgment affirmed.