CHICAGO, TERRE HAUTE AND SOUTHEASTERN RAILWAY COMPANY *v.* ANDERSON.

[No. 22,340. Filed April 30, 1914. Rehearing denied July 1, 1914.]

1. CONSTITUTIONAL LAW.—*Police Power.—Exercise of Power.— Statutes.—Removal of Weeds by Railroads.*—The police power is that inherent sovereignty of the State which it is its right and duty to exercise for the health, morals or general welfare of its citizens, and includes the right to impose restraints upon the

use and disposal of articles found by experience, or upon inspection, to injuriously affect the general public in those respects, and since legislation to that end, which is uniform and general and applies alike to all persons in the same circumstances, is not in conflict with either the 14th amendment of the Federal Constitution, or §23, Art. 1 of the State Constitution, §§5524, 5525 Burns 1914, Acts 1889 p. 146, requiring railroad companies to cut down and destroy all noxious weeds on lands occupied by them are not open to the objection that they contravene those constitutional provisions.   p. 143.

2.    RAILROADS.—*Failure to Destroy Weeds.—Action for Penalty.— Complaint.*—A complaint for the recovery of the penalty provided by §5525 Burns 1914, Acts 1889 p. 146, for failure of a railroad company to cut down and destroy noxious weeds upon its premises, need not aver that the plaintiff has sustained actual damages.   p. 144.

3.    RAILROADS.—*Failure to Destroy Weeds.—Statutory Provisions.— Constitutional Law.*—Section 5525 Burns 1914, Acts 1889 p. 146, imposing a penalty on railroads for failure to destroy noxious weeds, and providing that the same may be recovered by "any person aggrieved," is not unconstitutional as depriving railroad corporations of their property without due process of law and without compensation, since the penalty imposed is for a violation of a duty, and the railroad company can not complain that the penalty, when collected, is paid to the complaining party. p. 144.

4.    RAILROADS.—*Failure to Destroy Weeds.—Action for Penalty.— Appeal.—Questions Reviewable.*—Under the provisions of §§1389, 1391 Burns 1914, Acts 1903 p. 280, Acts 1901 p. 565, providing that no appeal can be taken to the Supreme or Appellate Court in cases where the amount in controversy does not exceed $50, except that appeals may be had to the Supreme Court in cases not otherwise appealable, where a question is involved as to the validity of a franchise or ordinance, or as to the constitutionality of a statute, no question other than the constitutionality of the act can be presented on appeal from a judgment awarding the penalty provided by §5525 Burns 1914, Acts 1889 p. 146, against a railroad company for failure to cut down and destroy weeds upon its premises.   p. 144.

From Sullivan Circuit Court; *William H. Bridwell,* Judge.

Action by Champion S. Anderson against the Chicago, Terre Haute and Southeastern Railway Company.   From a judgment for plaintiff, the defendant appeals.   *Affirmed.*

*Lamb, Beasley, Douthitt & Crawford* and *William F. Peter,* for appellant.

*Charles D. Hunt* and *Gilbert W. Gambill,* for appellee.

ERWIN, J.—This action was commenced before a justice of the peace by appellee against appellant to recover the statutory penalty of $25 for failure to cut thistles, burrs, noxious weeds, etc., as provided in §§5524, 5525 Burns 1914, Acts 1889 p. 146. From a judgment for the amount of the statutory penalty of $25 and costs, rendered by the justice of the peace, appellant appealed to the circuit court. Appellant, in the circuit court, filed its motion to make the complaint more specific, which motion was overruled. Appellant then filed its demurrer, which was overruled. Upon the issues formed by a general denial to the complaint, the cause was tried by the court, without the intervention of a jury, and resulted in a finding and judgment for the statutory penalty of $25.

The errors relied on for reversal in this court are: (1) the overruling of appellant's motion to make appellee's complaint more specific; (2) overruling appellant's demurrer to appellee's complaint; (3) the overruling of the motion for a new trial; (4) the overruling of the motion in arrest of judgment.

Appellant contends that the act of March 6, 1889, being §§5524, 5525 Burns 1914, *supra,* is unconstitutional and void, in that it denies the appellant the equal protection of the laws and is in violation of the 14th amendment to the Federal Constitution, and that it imposes duties and obligations upon railroad corporations with respect to lands occupied by them, which are not imposed upon other citizens, whether individuals or corporations, with respect to lands occupied by them.

The act in question reads as follows:

"Section 1. Be it enacted by the General Assembly of the State of Indiana, That all railroad corporations doing

business in this State shall, between the first day of July and the twentieth day of August in each year, cause all thistles, burrs, docks and other noxious weeds growing on lands occupied by them in any city, village or township of this State, to be cut down and destroyed.

Section 2. In case any railroad company shall refuse or neglect to comply with the requirements specified in the first section of this act, such company shall be liable in a penalty of twenty-five dollars, to be prosecuted for in an action of debt by any person feeling himself aggrieved. Said suit may be brought before any Justice of the Peace in the county, who shall require of the complainant surety to pay costs in case he fails to maintain his action; summons may be served on any agent or officer of the company.''

The right to impose restraints upon the use and disposal of articles found by experience, or upon inspection to be injurious to the health, morals or general welfare of

1.  her citizens, belongs to the State, and comes under the police regulation, and if the law is uniform and general and applies to all persons in the same circumstances and treats them alike the act could not be said to be in conflict with the 14th amendment to the Federal Constitution or to contravene §23, Art. 1 of the State Constitution. *Levy v. State* (1903), 161 Ind. 251, 68 N. E. 172; *Davis Coal Co. v. Polland* (1902), 158 Ind. 607, 617, 62 N. E. 492, 92 Am. St. 319; *Parks v. State* (1902), 159 Ind. 211, 215, 64 N. E. 862, 59 L. R. A. 190; *State v. Barrett* (1909), 172 Ind. 169, 97 N. E. 7; *Hirth-Krause Co. v. Cohen* (1912), 177 Ind. 1, 97 N. E. 1; *Vandalia R. Co. v. Stilwell* (1914), 181 Ind. 267, 104 N. E. 289, and cases cited. Police power is the name given to that inherent sovereignty which it is the right and duty of the government or its agents to exercise whenever public policy in a broad sense demands, for the benefit of society at large, regulations to guard its morals, safety, health, order, or to insure in any respect such economic con-

ditions as an advancing civilization of a highly complex character requires.  8 Cyc. 863.

It is contended further that as there are no averments of any actual damages sustained by appellee that the complaint is insufficient.  This was not necessary.  *Western Union Tel. Co.* v. *Ferguson* (1901), 157 Ind. 37, 60 N. E. 679; *Pennsylvania Co.* v. *State* (1895), 142 Ind. 428, 41 N. E. 937.  It is further contended by appellant that the statute imposing a penalty by failure to cut weeds, etc., in favor of "any person aggrieved", but who has suffered no damages as a result of such failure, deprives the railway corporation of its property without due process of law and without compensation, in violation of §21, Art. 1 of the State Constitution, and of the 14th amendment to the Federal Constitution.  The penalty imposed is for violation of a duty required of appellant, and it is not in a position to complain that the penalty when collected shall be paid to the complaining party, and this is not available in defense of an action for the recovery of the penalty prescribed.  *Pennsylvania Co.* v. *State, supra; Western Union Tel. Co.* v. *Ferguson, supra,* and cases cited.

The appellant insists that the court erred in overruling its motion for a new trial for the reason there is no evidence to support the finding of the court.  This is a case in which this court has no power to review any other question save that of the constitutionality of the act in question.  The statute authorizing appeals in cases of this class is as follows:  "No appeal shall hereafter be taken to the supreme court or appellate court in any civil case where the amount in the controversy, exclusive of interest and costs, does not exceed $50.00, except as provided in §8 of this act."  §1389 Burns 1914, Acts 1903 p. 280.  Section 8 is as follows:  "Every case in which there is in question, and such question is duly presented, either the validity of a franchise, or the validity of an ordinance of a municipal

corporation or the constitutionality of a statute, state or federal, or the proper construction of a statute, or rights guaranteed by the state or federal constitution, and which case would be otherwise unappearable [unappealable] by virtue of section six (6), or section seven (7), shall be appealable directly to the supreme court, for the purpose of presenting such question only." §1391 Burns 1914, Acts 1901 p. 565. It will be seen that the appeal is allowable "for the purpose of presenting such question only", that is, the constitutionality of §§5524, 5525 Burns 1914, *supra*. As to whether the proper conclusion has been reached by the trial court on the merits of the case, this court has no power to determine. *Stultz* v. *Board, etc.* (1907), 168 Ind. 539, 545, 81 N. E. 471, 11 Ann. Cas. 1021; *Terre Haute, etc., R. Co.* v. *Erdel* (1902), 158 Ind. 344, 348, 62 N. E. 706. Having decided that the act in question is constitutional and having no power to review any other question presented this judgment is affirmed.

NOTE.—Reported in 105 N. E. 49. As to the validity of statutes in relation to noxious weeds, see 43 L. R. A. (N. S.) 1090. As to what is police power, see 53 Am. St. 572. See, also, under (1) 8 Cyc. 1069; 33 Cyc. 1340; (2, 3, 4) 33 Cyc. 1340.