## GREER *v.* LAKE ET AL.

[No. 23,199. Filed February 1, 1917.]

1. APPEAL.—*Judgments Appealable.—Construction of Statute.*— Under §1391 Burns 1914, Acts 1901 p. 566, relating to appeals to the Supreme Court, the Supreme Court has jurisdiction in an appeal from a judgment amounting to less than $50 where the construction of a statute is involved. p. 68.

2. HIGHWAYS.—*Proceedings to Establish.—Report of Viewers.— Land Acquired.—Engineer's Notation on Profile.—Statute.*— Under §7177 Burns 1914, Acts 1905 p. 521, 552, providing that the road viewers and surveyor shall prepare and file in the office of the auditor a report containing complete plans and specifications of a proposed highway which shall be accompanied by an accurate profile thereof made by the engineer, and under §7718 Burns 1914, Acts 1905 p. 521, 523, providing that the report of the viewers shall remain on file ten days during which interested parties may examine it and that during such time the viewers shall assess such damages as shall be justly due any infant or person under disability and to any other person or corporation making written claim therefor, on account of the appropriation of, or injury to, his property by the establishment or improvement of any highway as prescribed in such report and that no damages shall be recovered by any person other than an infant, idiot, or person of unsound mind unless claim therefor shall have been made prior to the filing by the viewers of a supplemental report setting forth the damages allowed, together with a description of the property in each case on account of which such damages were allowed, a party interested would be required only to examine the report

of the viewers to determine whether there was a declaration of intention to appropriate any part of his land, and a notation endorsed on the profile prepared by the engineer that additional land was to be appropriated would not be notice thereof, since it was the intention of the legislature that lands taken, as authorized by the statutes, should be sufficiently described in the report to enable a landowner to determine what specific part of his lands was to be taken, so that he might file a claim for damages therefor as provided by the statute. p. 70.

3. HIGHWAYS.—*Proceedings to Establish.—Acquisition of Land.—Notation on Profile.—Sufficiency.*—Where, in a proceeding to establish a highway under §7711 *et seq.* Burns 1914, Acts 1913 p. 914, there was endorsed on the profile, prepared by the engineer as required by §7718 Burns 1914, Acts 1905 p. 521, 553, a notation that at all places where it was necessary to go outside the line of the road to get dirt for embankments, it should be taken from a strip of ground of a specified width on either side of the embankment, and that the dirt for such purpose was thereby condemned, the memorandum was too indefinite to constitute notice to any one of an intention to appropriate any part of his lands for the proposed improvement, as it would require the services of an engineer to ascertain what lands would be affected by the removal of dirt. p. 72.

From Morgan Circuit Court; *Nathan A. Whitaker,* Judge.

Action by Martin Lake and another against James W. Greer. From a judgment for plaintiffs, the defendant appeals. *Affirmed.*

*Kivett & Kivett,* for appellant.

*Will H. Pigg* and *Homer L. McGinnis,* for appellees.

LAIRY, C. J.—This appeal is from a judgment of the trial court for damages in the sum of $40 for trespass to real property owned jointly by appellees.

1.    As the amount in controversy is less than $50, no appeal would lie to either the Supreme or Appellate Courts except for the fact that there is in controversy the construction of a statute. Under the provisions of §1391 Burns 1914, Acts 1901 p. 566, jurisdiction in such event is given to this court. *Chicago, etc., R. Co.* v. *Anderson* (1914), 182 Ind. 140, 105 N. E.

49; *Pittsburgh, etc., R. Co.* v. *Sneath Glass Co.* (1914), 183 Ind. 138, 107 N. E. 72. Appellant was the contractor to build a free-gravel road under the gravel road law. §7711 *et seq.* Burns 1914, Acts 1913 p. 914. The act complained of was that of removing soil from certain of appellees' lands lying adjacent to the road constructed.

There is no dispute as to the facts. It appears that the road in question was duly ordered built, the contract regularly let, and that the engineer and superintendent of construction was properly appointed; that appellees made no application to the viewers for damages as provided by §7718 Burns 1914, Acts 1905 p. 521, 553, and that none was allowed; that a report was properly filed by the engineer and viewers containing complete plans and specifications with a profile of the road. It also appears that there was written on the profile at the time it was submitted with the plans and specifications the following notation:

"At all places along the line of this road where cuts or fills make it necessary to have a right-of-way wider than 30 feet, the said right-of-way shall be wide enough to enable the contractor to build the sub-grade 20 ft. wide with ditches and side slopes as herein specified.

"At all places where it is necessary to go outside of the line of the road to get dirt for embankments, it shall be taken from a strip of ground 33 ft. wide on either side of said embankment, but the inner edge of such excavation shall not be nearer than 8 ft. to the edge of said embankment.

"The dirt for such purpose is hereby condemned."

At the trial appellant offered this notation as evidence, and offered also to prove that all the damage complained of was within the specification of this notation. The court refused both offers of evidence. Appellant admitted that he had taken the land complained of.

In this court appellant assigns as error the action of the court in overruling his motion for a new trial. The only errors thus assigned and relied on in appellant's points and authorities are the error of the court in refusing the offered evidence above referred to, and in giving, over appellant's objection, instruction No. 5. Instruction No. 5 is as follows: "The defendant admits the taking of the dirt in question but insists that in doing so he was acting under a contract with the board of commissioners to construct and build a highway. I instruct you that said contract did not authorize the defendant to go outside of the lines of said highway and if he did so, he would be liable to the owner of the real estate from which he took such dirt for the damages to said estate".

The evidence in question was excluded, and the instruction was given on the theory that the strip of land from which the dirt was taken had not been condemned. Appellant asserts that the plans, specifications and profile contained notice of the intention to condemn the land which was taken and that if appellees desired to receive compensation therefor they were required to proceed in accordance with §7718 Burns 1914, *supra*. Section 7717, *supra*, of the statute provides that it shall be the duty of the viewers and surveyor to prepare and file in the office of the county auditor a report prepared by them containing, among other things, complete plans and specifications of the proposed highway, which report "shall be accompanied by an accurate profile of each highway or part of highway to be improved, showing by proper lines and figures the elevation thereof at each one hundred feet of its length and the changes to be made therein by excavation or filling, which profile shall be made by the engineer". It must be observed that the report containing the complete plans and specifications is required to

be made and filed by the reviewers and that the profile is
to be made by the engineer and is to accompany the re-
port when made.    Section 7718, *supra,* provides that
said report shall remain on file ten days, during which
time any party interested may examine it.    This sec-
tion further provides that during such time said view-
ers shall assess such damages as shall be justly due to
any infant, idiot, or person of unsound mind, and to any
other person or corporation making written claim there-
for, on account of the appropriation of or injury to his
property by the laying out or establishing of any such
new highway or any improvement of any highway pre-
scribed in such report.    The section also provides that,
at the next regular term of the board of commissioners,
after the expiration of the said ten days, the viewers
shall file a supplemental report setting forth the sums
allowed as damages together with a description of the
property in each case on account of which such dam-
ages have been allowed, and that no damages shall be
recovered by any person other than an infant, idiot, or
person of unsound mind unless claim therefor shall have
been made by him to such viewers before the filing of
such supplemental report.

The sections of the statute to which reference has
been made clearly indicate an intention on the part of
the legislature to authorize the appropriation of land
for the laying out of a new highway or for the improve-
ment of any highway as prescribed in the report.    It
is equally clear that the report must show an intention
to appropriate lands with a sufficient description thereof
to enable a person whose lands would be affected there-
by to determine from an examination of such report
that it was the purpose to appropriate a specific part
of his lands, otherwise he could have no opportunity
to make a claim for damages as provided by the stat-
ute.    For the purpose of determining whether or not

there was a declaration of an intention to appropriate any part of his land, a party interested would be required only to examine the report of the viewers and a notation endorsed on the profile prepared by the engineer would be no notice to him of such intention even though it were in proper form and otherwise sufficient.

The memorandum on the profile was too uncertain and indefinite to constitute a notice to any one of an intention to appropriate any part of his lands for the proposed improvement. It does not specifically describe any land which would be affected by the construction of the proposed cuts or grades or from which dirt would be removed in their construction in the manner proposed. It is evident that it would require the services of an engineer to ascertain what lands would be affected by the removal of dirt to make the fills. It cannot be presumed that the lawmakers intended that private property should be taken for a public use without some more definite notice to the owner of the intention to make the appropriation.

There was no error in giving the instruction complained of or in refusing to admit the offered evidence. Judgment affirmed.

NOTE.—Reported in 114 N. E. 961. See under (2) 37 Cyc 105; (3) 15 Cyc 891. Compulsory use of private property in road work, 42 L. R. A. (N. S.) 1045.