THE PEOPLE *ex rel.* Granville Miller, Defendant in Error, *vs.* THE CHICAGO, MILWAUKEE AND ST. PAUL RAILWAY COMPANY, Plaintiff in Error.

*Opinion filed December 16, 1925.*

1. CRIMINAL LAW—*statute imposing fine on a railroad company growing thistles is valid.* Section 41 of the act of March 27, 1874, imposing a fine upon a railroad company which neglects to destroy thistles growing along the right of way of its railroad does not violate the fourteenth amendment to the Federal constitution nor section 22 of article 4 of the State constitution.

2. CONSTITUTIONAL LAW—*classification for police regulation is valid if not arbitrary or unreasonable.* What legislation is necessary to protect the public interests and what classification must be made for proper police regulations are legislative questions, and the judgment of the legislature on such questions will not be disturbed unless the classification is manifestly arbitrary and unreasonable.

WRIT OF ERROR to the Circuit Court of Lee county; the Hon. HARRY L. HEER, Judge, presiding.

DIXON & DIXON, (CARL S. JEFFERSON, of counsel,) for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, MARK C. KELLER, State's Attorney, and MERRILL F. WEHMHOFF, for the People.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Plaintiff in error operates a line of railroad through the town of Brooklyn, in Lee county. During the year 1924 it permitted to grow upon its right of way Canada thistles, bull nettles, corn cockle, burdock, quack grass, horse weeds, wild carrots, curled dock, ox-eye daisies, morning glories, and other noxious weeds. June 11, 1924, Granville Miller, Canada thistle commissioner for the town, served written

319—16

notice on the company to destroy these weeds on or before July 1. The weeds were not destroyed but were permitted to grow until the seeds matured. Thereupon an action was brought charging a violation of section 41 of the act of March 27, 1874, which provides: "If any company, association or person owning, controlling or operating a railroad shall refuse or neglect to dig up and destroy, or take other certain means of exterminating Canada thistles and other noxious weeds that may at any time be growing upon the right of way or other lands of such roads, or appertaining thereto, they shall be fined for each offense not less than $50 nor more than $200," the fine to be paid to the Canada thistle commissioner of the town. (Smith's Stat. 1925, p. 878.) Plaintiff in error was found guilty and a penalty of $50 was assessed. By this writ of error the validity of the judgment is challenged on the ground that the statute contravenes the fourteenth amendment to the constitution of the United States and section 22 of article 4 of the constitution of this State, and on the further ground that the evidence does not warrant the verdict.

The briefs filed by both parties cite authorities on the general proposition of what constitutes the equal protection of the law, but no authorities are cited which deal specifically with the question at hand.

The specific questions raised against the validity of this statute have been fully considered and decided adversely to the contentions of plaintiff in error by the Supreme Court of the United States. (*Chicago, Terre Haute and Southeastern Railway Co.* v. *Anderson,* 242 U. S. 283, 37 Sup. Ct. 124; *Missouri, Kansas and Texas Railway Co.* v. *May,* 194 id. 267, 24 Sup. Ct. 638.) What legislation is necessary for the protection of the public interests and what classifications must be made for proper police regulations are legislative questions, and the judgment of the legislature on such questions will not be disturbed by the courts unless the classification made is manifestly arbitrary and unreasonable.

(*McGrath* v. *City of Chicago,* 309 Ill. 515; *Chicago, Terre Haute and Southeastern Railway Co.* v. *Anderson,* 182 Ind. 140, 105 N. E. 49; *Bowman* v. *Virginia State Entomologist,* 105 S. E. 141, 12 A. L. R. 1121.) While self-interest leads the farmer to rid his land of noxious weeds, railroad companies are not so concerned in destroying vegetation which does not interfere with the use of their right of way and which is injurious to their neighbors, only. It is a matter of common knowledge that the neglected strips of land on each side of the track on the right of way of a railroad company afford ground where weeds flourish. Weeds growing in the middle of a private owner's farm would not damage anything but his own property, but weeds growing on a railroad right of way, which is a narrow strip through agricultural lands, are especially objectionable, because by reason of their proximity to neighboring lands the seeds are much more likely to scatter upon such lands. The seeds of Canada thistles are of such character that they are easily carried by the wind, and they attach themselves to trains, and may be carried long distances and scattered upon the lands of adjacent proprietors many miles from the point where the seeds were produced.

That the provision of the statute that the fine collected shall be paid to the commissioner is not objectionable on any constitutional ground is fully considered and decided in the cases cited above.

The evidence shows clearly that weeds grew in profusion on the right of way of plaintiff in error throughout the growing season of 1924; that among these weeds were Canada thistles, which the statute specifically names; quack grass, which the evidence shows is a harmful and pernicious weed when it grows on agricultural lands; and curled dock and corn cockle, which are generally known to be noxious weeds. The verdict was clearly warranted by the evidence.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*